Auld and Auld v. Butcher and Butcher.

---

AULD AND AULD v. BUTCHER AND BUTCHER.

*Error from Atchison County.*

Where the petition below was filed November 14th, 1860, and set forth the making in March 1853, in Ohio of a partnership agreement in the business of contractors in that State, alleging the continuance of the partnership until, and a disolution thereof, and an accounting in March 1856, and when the answer set forth that the cause of action arose beyond the limits of Kansas, and did not occrue within two years before the commencement of the action.

*Held* that there is no language in the Act approved February 10th, 1859, amendatory to the Code, indicating an intention that it was made to apply to cases where the right of action had accrued more than two years before the law was passed. *Semble,* had such intention been expressed, the statute as to such cases would be void.

*Held* that the provision of the Constitution of the United States, providing that no State shall pass any " law impairing the obligation of contracts,"

· was not intended to prohibit legislatures from impairing the moral obligations; remaining after the legal obligations of contracts are destroyed, but to prevent them from impairing legal rights vested under contracts, by impairing or destroying the legal power to enforce them.

The legal obligation of a contract, consists in the right of either party to have it enforced against the other, or to recover compensation for its breach, by due process of law. *Semble*, that destroying all legal remedy upon a contract impairs its obligation within the meaning of the constitutional inhibition.

Where the petition in such a case was for a balance stated upon an account between partners, and where the answer, after setting up the three years statute of limitation, admitted the partnership, its dissolution and a large partnership account, denying the striking of a balance by the parties, but claimed a balance in his favor, prayed for an accounting and judgment for the balance due him; and when both parties in open Court assented to an order made for taking an account before a referee, which was then taken.

*Held* that, by assenting to the taking of the account, the plaintiff abandoned his claim to recover as upon an account stated, and by the assent of both parties appearing of record, the action became in substance, an equitable action for a final accounting between former partners.

The practice in chancery in such case, when the defendant set up any bar to the account, was to try the issue of law or fact raised, and if the account was found to be barred, dismiss the bill, but if the issues were found for the complainant, an interlocutory decree was made, that an account should be taken, and a reference was made to a master to take and settle the account, and upon the coming in and confirmation of his report, a final decree was made for the balance found due either party, and if the defendant requested or assented to the taking of the account, the accounting was ordered of course and reference made accordingly, *held* not to be changed substantially by the Civil Code, and *held* that it is still the correct practice to dispose of all matters in bar of an accounting, before the account is stated, and that if a defendant chooses not to set up such bar, and prays that the account be taken, he waives the bar and should not be allowed to raise it afterwards.

The two defences—a bar by the statute of limitations to an action for a balance struck between partners and a claim by defendant of a balance due on the same account, praying for an accounting and judgment for the balance—*held* inconsistent.

On motion in arrest of Judgment, the whole record is before the Court, and when a defect of the petition is waived of record by the defendant, the judgment should not be arrested for such defect.

The facts of the case appear in the opinion of the Court.

*C. G. Foster* appeared and argued the case for plaintiffs in error, and *G. W. Glick* submitted on brief filed for defendants in error.

*Glenn & Foster* for plaintiffs in error.

1st. It does not appear from the petition that the action is debarred by the statute of limitation, but on the contraay it does appear from the petition (and also the answer) that the cause of action accrued against the defendants in the State of Ohio, and while they were out of this State; and by Section 28 of the Code of Civil Procedure; the defendants being out of the State when the action accrued against them, the statute of limitations did not commence to run against the debt until they came into the State.

As it appears from the petition that the defendants were out of the State when the action accrued, the law presumes that they so remained until that presumption is overcome by proper evidence.

In this case the first evidence before the Court that the defendants were no longer out of this State, was the return of the sheriff on the summons that he had made personal service on the defendants within the State.

Greenleaf states the law as follows:

" When the existence of a person, a personal relation or a state of things is once established by proof, *the law presumes that the person, relation, or state of things continues to exist as before until the contrary is shown* or until a different presumption is raised from the nature of the subject in question." 1 *Greenleaf on Ev., p.* 54, *Sec.* 41-42; *Throgmorton* v. *Walton,* 2 *Roll.,* 461. *Wilsson* v. *Hodges,* 2 *East,* 313; *Doe* v. *Palmer,* 16 *East,* 55; *Battin* v. *Bigelow,* 1 *Pet. C. C. R.,* 452; *Gilleland* v. *Martin,* 3 *McLean,* 490; 2 *Stark Ev. p.* 590-688; *Brown* v. *King,* 3 *Metc.,* 173.

It would seem clearly then, in view of the facts, and the well established principles of law, that the petition is good against a general demurrer, and the defendants could only

have taken advantage of the statute of limitation by answer.

2nd. The statute of limitation must be pleaded either by demurrer or answer, or it is waived.

This has been the uniform rule established by all the decisions of courts of equity as will appear from the cited cases, and this law has not only been followed as a general principal well settled by courts of law at an early date, but the very latest decisions of the Supreme Court of the State of Ohio, upon a statute precisely like our own, again reiterate and affirm the same principal.

*Sturges et al.* v. *Burton et. al.*, 8 O. *St.* 215; *McKinney* v. *McKinney*, 8 O. *St.* 423; *Bennoist* v. *Darby*, 12 *Mo.*, 196; *Dey* v. *Dunham*, 2 *John C.*, 182; *Hickman* v. *Stout*, 2 *Leigh.*, 6; 5 *Leigh.* 88; *Johnson* v. *U. S.* 3 *McLean*, 89; *McClenny* v. *do.* 3 *Texas*, 192; *Guy* v. *Tams*, 6 *Gill.* 82; *Ware* v. *Webb*, 32; *Maine* 2 *Red.* 41; *U. S. Dig.*, *Vol.* 6, *p.* 426; *U. S. Dig.*, *Vol.* 1, 356; *Ainslie* v. *Mayor, &c., of N. Y.*, 1 *Barb.*, 268; *U. S. Dig.*, *Vol.* 2, 265; *U. S. Dig.*, *Vol.* 9, 395; *Aicher* v. *Jones*, 26 *Miss.*, 583; *Burnah* v. *Wright*, 14 *Ill.*, 303; 13 *Ohio*, 430; *Bachers* v. *Clark, Kan. S. C.*; *West, Jones & Co.* v. *Shawnee Co. 3d Dist.*, *Safford J.*

3d. The Statute of limitation is a plea in bar, being a *confession and avoidance*, and by the common law it had to be especially pleaded. 1 *Chit. Plead.* 526-506-742. There is no bar unless pleaded, and the plaintiff should not anticipate the statute of limitation. *Executors of Haymaker* v. *Haymaker*, 4 *Ohio St.*, 272.

Where a defendant pleads the statute of limitation it is proper pleading for the plaintiff to set up a subsequent promise by replication. *Ex. of Haymaker* v. *Haymaker*, 4 *O. St.* 272.

4th. Even if the petition were defective the defendants cured the objection by setting up a similar cause of action growing out of the same transaction, on their own behalf,

and praying that a mutual account may be taken, and that the defendants might have a personal judgment in their own favor against the plaintiffs.

The defendants cannot stultify their own pleadings.

So also would a verdict or report of the commissioner cure such an objection, as the court will presume that the verdict, or report is supported .by sufficient evidence. 1 *Chit. Plea.*, 673; *Bethel* v. *Woodworth*, 11 *O. St.*, 393; *Fems* v. *Burton*, 1 *Verm.*, 439; *Arnold* v. *Commonwealth*, 8 *B. Mon.*, 109; *do.* 634; *Warren* v. *Hains*, 2 *Gilmore*, 307; *Wilson* v. *Hunt*, 6 *B. Mon.*, 379; *Schemerhorn* v. *Jenkins*, 7 *John.*, 373; *Garland* v. *Chattle*, 12 *John.*, 430; *Hays* v. *McKee*, 2 *Blackf.*, 11.

. For the various reasons above stated and the authorities therein cited, we think the court below erred in granting the order in arrest of judgment, and ask that the said order may be reversed, vacated and set aside.

*Otis & Gleck* for defendant in error.

I.  The petition in this action shows on its face that the action was barred by the three years' statute, and also by the two years statute of limitation.

I.  Had the Court the right to arrest the judgment if it appeared from the face of the petition that plaintiffs had no cause of action ?

If the petition does not show on its face the right of the plaintiffs to recover, there was no alternative left the Court but to arrest the judgment.

While courts are allowed to exercise their discretion in some cases, it has never been claimed that it extended to the rendering of judgments when the record shows that no cause of action had been stated.

A motion in arrest is the usual and ordinary mode of taking advantage of substantial defects in a petition, that were not suggested by a *demurrer* or *answer*.

The defendant is not required to demur or answer to a substantial defect, when that defect goes to the gravaman

of the action alone, or to the jurisdiction of the Court, and are patent on the face of the petition.

The defect in the gravaman of the action and the want of jurisdiction, are the same at common law and under the code. (*Sec.* 98 *Code.*) The Court cannot nor would not engraft exceptions on one and not on the other.

If the petition does not show on its face facts sufficient to constitute a cause of action, the defendants can take advantage of this defect at any time on the trial, or by motion or error. If the plaintiff does not show by his petition that he is entitled to a judgment, of course any judgment on such a petition would be erroneous. There is no waiver of the defect, and the defendant is the only judge of the course to pursue—whether he will demur, answer, object on the trial, move an arrest of judgment, or proceed in error.

In this case the defendants decided to move in arrest of judgment. This proceeding usually takes place after an issue of fact and verdict, or report, found or made, and the motion may be made even after a default. *Gould Pleading, Chap.* 10, *Sec.* 2.

The principle of this proceeding is that as the judgment of the Court, which is a conclusion of law from the facts ascertained upon the record, must be collected from the whole record, and the party who does not upon the whole record appear entitled to judgment, cannot have it, even though a verdict (and a report of a referee is the same thing,) has been found in his favor. For notwithstanding such verdict, default, etc., the whole record may disclose no right of action or legal defence in his favor. And thererore if a verdict is for the plaintiff upon a declaration radically defective, judgment must regularly be arrested. *Gould Plead., Chap.* 10, *Sec.* 3-8.

Formal defects are cured by verdict. *Do. Chap.* 10, *Sec.* 8.

And can only be taken advantage of by motion. *Swan's Plead. and Prac.*, 23; *Van Stantvoord's Plead.*, 718.

If the declaration omits to state any substantial fact which is essential to a right of action, and which is not implied in, or inferable from the finding of those which are alleged, a verdict does not cure the defect. *Gould. Plead. Chap.* 10, *Sec.* 8-10-22 *to* 27.

In Williams *v.* Hingman & Quincy Bridge Co., 4 Pick., R. 341, the Court in pronouncing its opinion on page 344, says: "The cases in the books seem to be very explicit that no judgment can be sustained, even after verdict, unless the declaration shows *every* fact that is essential to the right of action; and although this is a technical rule, it is not unsupported by reason, for there will be nothing on the record to show that the plaintiff is entitled to any damage, and it cannot be presumed that facts not stated have been proved, unless they are of a nature to he necessarily inferred from those which are alleged.

See also cases cited by the Court.

In the case of Bartlett *v.* Crozier, 17 Johnson, Rep. 437, in pronouncing the judgment the Chancellor says: "The rule on this subject is well stated by Lord Ch. B. Gilbert, when he says that 'if anything essential to the plaintiff's action be not set forth, then, though the verdict be found for him, he cannot have judgment, because if the essential part of the declaration be not put in issue, the verdict can have no relation to it, and if it had been put in issue it might have been found false.' "

These two cases, with the authorities cited by the able judges who pronounce the decisions of the courts, exhaust the subject, and show conclusively that courts have always exercised the power of arresting judgments when the declaration did not state the facts essential to give the plaintiffs a right to action.

It may be objected that under our code this is obnoxious practice. But the authorities under the code are as conclusive as at common law, both as to the practice and the reasons for it.

Why should a plaintiff be entitled to a judgment under the code any more than at common law, when his petition does not state the essential facts necessary to show a good cause of action? Reason and common sense both teach us that the rule is necessarily the same in both systems of pleading. If the reasons had become obsolete or the rule changed by the code, then of course this rule should not apply, but the code makes no change.

Section ninety-eight affirms this rule and adopts by law this practice.

In the case of Burnham *v.* De Bevorse, *et al.*, 8 How. Pr. Rep., 159, in the Supreme Court of New York, and under the code the Court says, "an incurable defect in a complaint *is not waived* by any pleading, but may be taken advantage of whenever the parties are before the Court, either by motion on the trial, by motion in arrest after verdict, and the Court may regard it on general demurrer."

"Incurable defects" are those referred to by section ninety-eight of the code, that are not waived by failing to demur or answer.

Failing to demur or answer does not waive the right of the defendant on the trial, to object for the first time, that the petition does not state facts sufficient to constitute a cause of action. *Voorhes Code, Note "a,"* 201; *Higgins* v. *Freeman*, 2 *Duer*, 650; *Montgommery Co. Bk.* v. *Albany City Bk.*, 3 *Seldon*, 464; *Gould* v. *Glass*, 19 *Barb.*, 186; *Budd* v. *Bingham*, 18 *Barb.*, 494.

It is entirely optional with the defendant whether he will demur or not, for the cause that the petition does not state facts sufficient to constitute a cause of action, and his election not to avail himself of that right does not preclude him from taking advantage of the defect in the petition at any stage of the case. *Voorhes Code, Note "b,"* 189; *Gould* v. *Glass*, 19 *Barb.*, 186; *Mongomery Co. Bk.* v. *Albany City Bk.*, 3 *Seldon*, 464, *and cases supra*; *Howard N. Y. Code*, 229-223; *Seney's Code, Note* 1, *Sec.* 98; *Swan's Plead. and Prac.*, 240.

The law as enacted by section ninety-eight of our code, is simply putting the common law rule of practice in the shape of a law. It provides that two objections are not waived by any pleadings, but that they may be taken advantage of at any time the defendant may elect. If a demurrer would lie, the motion in arrest is well founded. This is the common law rule, and by Section ninety-eight is carried into our code.

This is the construction given this section (98) of the Code by Swan, (240,) by the annotators of Voorher, and Howard's codes. Van Santvoord's Pleadings, 723 and 725, clearly lays down the rule as claimed, and construes Sec. 98 of the code as being an affirmance of the common law rule of practice in cases of substantial defects in a pleading.

Mr. Swan says this objection may be taken at any stage of the case, whether the defendant answers or not, and that it is optional with the defendant whether he will demur or not. *Swan's Plead. and Prac.*, 240, *and cases cited.*

II. Will a demurrer lie to a petition when it appears on its face that the right of action is barred by the statute of limitations?

The code abolished all forms of pleading, and by providing that the cause of action should be stated in ordinary and concise language, was in substance re-enacting the chancery system of pleading, as it existed before the adoption of the code. *Swan* 127-128, *and note et. seq.*

This is the view taken by Van Stantvoord, in his work on Code Pleading. See also, 8 O. S. R., 428.

If a party states a cause of action in ordinary and concise language, it is sufficient to entitle him to relief. This was the rule in equity, and is now the leading rule under the code. Both rules require a cause of action to be stated, and this is the main inquiry in constructing pleadings under the code, under the sixth cause for demurrer.

If the plaintiff has not stated a cause of action, then under the rules in equity and under the code, he is not entitled to a judgment.

And first as to the rule in equity. "Lapse of time is a good ground of demurrer to a bill in equity." *Dan. Chy. Ple. and Prac., v.* 1, 622.

If the lapse of the period of limitations appears with certainty on the face of the bill, the objection may be taken by demurrer. *Dan. Chy. Ple. and Prac.,* 1 *vol., note* 1, 622. *Sto. Eq. Ple., Sec.* 481-751-503, *and cases cited in note to Sec.* 503.

This is now the universal rule.

*Foster* v. *Hodgson,* 19 *ves.,* 180, *Sumner ed. and note of cases cited by him; Hook* v. *Whitlock,* 7 *Paige,* 373, *and cases cited.*

Under the code the same rule of construction has been applied.

"Facts sufficient to constitute a cause of action must be construed to mean a present cause of action. If, therefore, it appears on the face of the petition, that the cause of action is barred by the law relating to the limitations of actions, it affords a ground for demurrer. *Swan's Ple. and Prac.,* 239 ; *V. Santf., Ple.,* 688-268-269 ; *McKinney et al.* v. *McKinney et al.,* 8 *O. S. R.,* 233 ; *Sturges et. al.* v. *Burton et al.,* 8 *O. S. R.,* 215.

In McKinney's case, the Court says : "When the petition on its face discloses that the cause of action is barred, the defendant may by demurrer specify that the petition shows a cause of action barred by statute. This in analogy to the practice in courts of equity. 8 *O. S. R.,* 420.

By the principle and authority I have shown that if the petition shows a cause of action barred by statute, the defendant may object to it by demurrer. If there is an exception as under the three year statute, it must be stated to take the case out of the statute. *Story Eq. Ple., Sec.* 484.

The bar of the statute is the same as any other bar, and as the statute of limitations is to be liberally construed the same as any other part of the code, the Court cannot engraft exceptions on it, (*McIver* v. *Ragan,* 2 *Wheat.,* 25), nor

make any difference between the defence given by that statute, and any other fact that may constitute a defence. *Sands* v. *Gelson*, 15 *Johns*, 519, 2 *Coms.*, 523. *See opinion of Spencer* 15 *Johns*, 519.

The old English notion that that statute was a statute of presumptions, has long since exploded in England and in this country, and on reason and authority it is now held to be a statute of repose. Mr. Story says that laws thus limiting suits are founded in the noblest policy. They are statutes of repose—to quiet titles to suppress frauds, etc. *Sto. Conflict of Law, Sec.* 576 ; 16 *Johns*, 519.

III.　The petition in this case shows on its face that the action was barred by the Staute of Limitations.

The right of action, as claimed by the petition, accrued on —— day of March, 1856. The suit was commenced on the 14th of Nov., 1860, one year and seven months after the suit was barred.

Code, Sec. 21, provides : Within three years, an action upon a contract, not in writing, express or implied.

Sec. 19, provides that actions can only be brought within the time prescribed by the code.

This action is then governed by Secs. 19, 21. It is not founded on an instrument of writing, and is founded upon an implied promise, if it has any foundation at all.

The statute in force at the time of the commencement of the suit, governs. *Story, Conflict of Law, Sec.* 577, *and cases cited in note to* 577 ; *Andrews* v. *Jerome*, 4 *Cow.*, 508, *and note* 10, *where the authorities are collected. McLenoyle* v. *Cohen*, 13 *Pet.* 314 ; *Elliott* v. *Lochnane*, 1 *Kan. Sup. Ct.*, 126.

The force of the conclusions arrived at by an examination of the authorities, is sought to be evaded by claiming that the defendants have waived their right to object for this defect. It is claimed that the Court must assume that the objection is waived. The code states that two defects are not waived by any pleading.

It is conclusively established by authority that this is a substantial defect, and one that the code says is available on demurrer and not waived.

Can parties waive the absence of jurisdiction? If they do not object will the court render a judgment in a case where the court has no jurisdiction of the case or the persons? Can the Court ingraft exceptions in the one case and not in the other?

The only plausibility of this theory of waiver, is found in one sentence, selected out of a decision in the case on page 220, 8 O. S. R. In that case the question was whether a demurrer would lie when the petition on its face showed the action to be barred. It will be seen that the question of waiver was not before the Court. That the remark is *abitor* only, and if construed as plaintiff's desire, is a violation of Sec. 86 of the Ohio Code, which is the same as our Sec. 98, and in positive contradiction of the reasons upon which the decision is based. But I submit that the decision taken as a whole, will not permit of any such construction as given it by plaintiffs.

The Court say, when "the cause of action appears upon the face of the petition to be barred, there is in law no cause of action alleged."

Now will it be pretended that the Court meant to be understood as saying that if the action is barred no cause of action exists, and then say a judgment can or must be rendered on such a petition. The true construction to be placed on that decision is that if the defect is not apparent on the face of the petition, and is not taken advantage of by answer, it is waived.

The Court quotes from Van Santv, Ple., 688, with approval, and base their decisions on his construction, and follow his meaning. The passage they refer to, page 688, is this: "That if it *does not appear* on the face of the complaint, and the defendant neglects to set it up in his answer, he will be deemed to have waived." That is what the

Court refers to with approval as the law. It explains in Van. Santv. Ple., 688.

In the case of McKinney *v.* McKinney, 8 O. S. R. on page 429, the Court says after holding the demurrer a proper remedy where the action appears barred by the face of the petition, "like rules of equity pleading however, require a defendant when the cause of action is so stated in the petition that he cannot demur to plead the bar, otherwise he waves it."

This case decides the law of waiving to apply only when the defect does not appear on the face of the petition, and the defendant does not answer to it; and this is the rule in equity referred to by the Court with approval. *Sto. Eq. Ple., Sec.* 502-651.

This rule means that when the complaint does not show on its face the action barred, and the defendant does not in such case plead the statute, he cannot offer evidence to prove the action barred, because it would be making a defence by proof that had not been made by the pleadings, and in such case waives. The Supreme Court of Ohio certainly did not intend to place such a construction on Sec. 97 of the Code,—a construction that would violate its terms, and make it a snare or a sham, to have force and effect according to the caprice of the judge who happened to be holding a Court, and to be used as a waiver or as a law when it suited his fancy.

Again, the Ohio decision which is relied on by the opposing counsel, says: "Where the cause of action appears upon the face of the petition to be barred, there is, in law, *no cause of action alleged.*"

The statute of Kansas, an exact copy of the Ohio statute, says, that if no objection be taken either by demurrer or answer to certain defects enumerated, "the defendant shall be deemed to have waived the same, *except only* the jurisdiction of the Court, *and* that the petition does *not state facts sufficient to constitute a cause of action*," and these two

last named defects are left open to a defendant to assail by motion in arrest of judgment, most certainly, if there is any meaning at all in the language of the statute itself.

Is not the right to attack the *want of jurisdiction* of the Court, by motion in arrest, secured to the defendant? If that is true, then has he not the clearest right to use the same remedy in assailing a defect of another kind, placed by the express words of the law on the very same footing, in every respect? 8 *How Prac. Rep.*, 159; *Van Sant. Ple.*, 723.

We find on an examination of the authorities that this doctrine of waiver has no foundation in this case whatever. It cannot be without a manifest violation of Sec. 98 of the Code, and a disregard of the rights of the defendants.

I assert that this action is barred by the two years' statute of limitations, for the case as appears on the face of the petition, is within the letter and spirit of the act. It provides

SEC. 2.  All actions founded on any promissory note or legal liability made, executed, rendered, entered into or incurred beyond the limits of the Territory, shall be commenced within two years next after the cause or right of such action shall have accrued and not after. *Comp. Laws*, 232.  This act took effect Feb. 10th, 1859.

It will be seen that there is a difference in the wording of the 20th and 21st sections of the Code.  The 20th section uses the word "*any*" before the contracts referred to. The 21st section does not use this word before the kind of contracts mentioned by it.

It is provided by Sec. 15 of the Code, that in special cases, when a different limitation is prescribed by statute, the action may be commenced accordingly.

Now here we have a special case under a special statute, as contemplated by Sec. 15 of the Code.

It is not repealed by implication, nor is there any conflict between it and Sec. 21 of the Code.  Repeals by implica-

tion are not favored, and courts will uphold both laws if there is not a positive and manifest repugnance between them. *Robbins* v. *the State*, 8 *O. S. R.*, 191; *Wood* v. *United States*, 16 *Pet.*, 342-362; *Dwar on Stat.*,532; *Sedg. on Stat., Con.* 123.

It is another general principle that a general law does not repeal a special law. *Sedg. on Con. and Stat. Con.*, 123, *and cases cited*; *Williams* v. *Williams*, 4 *Seld*, 526.

These two limitation laws can stand together, both having full force in the cases to which they apply. But the special law applies to special cases, and the general law to cases generally that may arise. The history of the two acts show that the two years' law was the last expression of the legislative will. This is shown by the journals, and we have a right to look into them to see when a law passed, how it passed and whether it passed by the required route. *Miller* v. *State*, 3 *O. S. R.*, 475; *State* v. *McBride*, 4 *Mo.*, 303; *Purdy* v. *People*, 4 *Hill*, 383; *State* v. *Moffit*, 5 *O. R.*, 358.

The 2d section of the two year statute and Sec. 21 of this Code are "*pari materia*," and may be construed as one statute, and will read as if the 2d section followed the 20th and 21st sections, connected by the conjunction "but." If they were thus connected there could be no question as to their effect. It cannot with any reason, and I suppose no one will pretend to set up the absurdity of a waiver as to this two year law. They are to be taken together as if they were one law, and that the two years Statute. *Sedg.* 247.

It may be claimed this law is unconstitutional, but I apprehend that at this late date a limitation law will not be claimed to be unconstitutional by any Court. If this is not the objection, then there is no excuse for any Court to refuse to give it validity, and apply it when its authority is invoked.

In the case of McLemoyle *v.* Cohen, 13 *Pet.* Rep., 312, this whole question is reviewed, and after the most mature

deliberation, the Court decided that limitation laws were constitutional. That case decides that the matter of limitation is exclusively within the discretion of the State Legislatures, and that discretion cannot be controlled. *McLemolye* v. *Cohen*, 13 *Pet.*, 312; *Story on the Conflict Law*, *Secs.* 542-576-577-578; *Bk. of U. S.* v. *Donnelly*, 8 *Pet.*, 372; 2 *Kent. Com.*, 462, 463.

In Sec. 578, Mr. Story discusses the power to pass such laws, and had he written an opinion as a judge, he could not have presented one to sustain the validity of this law with more force than he has in this section. He declares this right of the State to legislate just as it pleases, or cut off all remedy if it sees proper to do so. 2 *Kent*, 462-463.

The statutes of limitation affect the remedy only, and has no relation whatever to the terms of the contract, and forms no part of the contract. *McLemoyle* v. *Cohen*, 13 *Pet.*, 312, *and cases cited*; *Note* 10, *p.* 528, 4 *Cow.*; *Prichard* v. *Spencer*, 2 *Ind.*, 486; *Lincoln* v. *Bartlett*, 6 *Cow.*, 475; 14 *Johns*, 140; 7 *Ind.*, 91.

Considered in their true light, statutes of limitation or prescription are ordinarily simple regulations of suits and not of rights. They regulate the terms on which rights may be asserted in courts of justice, and do not purport to act upon those rights. *Story Con't. Law, Sec.* 580; *Sicard* v. *Whale*, 11 *Johns*, 195; *Angell on Limitations*, *Sec.* 22.

Courts will not put on statutes of limitations, strange or narrow constructions, to defeat their operation. When the will of the Legislature is clearly expressed, it ought to be followed without reference to consequences. *Angell, Sec.* 9-10-22.

It is claimed that our two years' statute does not give any time in which to bring suits, and therefore that is an objection. No case in modern time can be found to sustain that position, where that point was directly made.

If the statute operates on the remedy only, no Court could make such a decision. To so hold, it would be ne-

cessary to hold that that statute formed part of the contract, and this would be in opposition to the accumulated authorities of more than a century.

In McClurny v. Silliman, 3 Pet., Justice McLean, says: "It is a well settled principle that the statute of limitations is the law of the forum, and operates on all who submit themselves to its jurisdiction.

See also the concluding remarks of Judge McLean on the policy of the statute of limitations. 2 *Kent*, 463, *note a*. *The Pres. Direc. & Co. Bk. of U. S.* v. *Dalton*, 9 *How*, 522; *Sedg.*, 660. The law does not suppose parties to contract with reference to the remedy; laws affecting the remedy on prior contracts, are therefore constitutional. *Rathbone* v. *Bradford*, 2. *Ala.*, 410.

Laws altering, modifying, and even taking away the remedy for the recovery of debt, do not violate the provisions of the constitution against *expost facto* laws and laws impairing the obligation of contracts. *Evans* v. *Montgomery*, 4 *Watts and Serg.*, 218; *Oriental Bk.* v. *Freeze*, 6 *Shipley*, 109; *Beers et al.* v. *the State of Ark.*, 20 *How.*, 527; *Parker* v. *Starling, et al.*, 10 *O. R.*, 357.

In the case of the Schooner Marinda v. Dowlin, 4 O. S. R., 500, the Court hold that a law taking an existing remedy, so that a party lost his rights absolutely, is valid. *Story Con. Law, Sec.* 508, *and note one, 2d ed.*; *Roy* v. *Crowningshield, Mason*, 151.

The Court cannot engraft exceptions in the statute of limitations. *McIver* v. *Ragan*, 2 *Wheat.*, 25, *and in the case of Bacon et al.* v. *Howard*, 20 *How.* 22-23, *the Court say that the power of the State Legislatures over the remedy is plenary.* *Sedg.* 321-2.

The several States have the undeniable right to regulate the jurisdiction of their courts, to fix their terms, the manner of bringing suits, the kind of suits that may be brought in the different courts. When this is all granted, what becomes of the objection that the the two years statute of

limitation is invalid? With the question of policy that may be raised, the Court has nothing to do.

There is another class of cases that are equally conclusive on this point as the cases cited. I refer to that class arising under laws that discharge debtors from imprisonment for debt.

In this case the same plea of unconstitutionality has been made, that the right of the creditor had become a vested right, and he had got the body of the debtor in payment of his debt, and no power but the creditor's will could destroy or take away his right.

In answer to these objections the Supreme Court of Ohio, says: "The answer to this is, that the execution and commitment and the bond for the liberties of the person are not the contract but the remedy. The remedy may be enlarged or restrained, or *taken away* altogether without effecting the obligation such remedy was given to enforce." *Parker* v. *Sterling, et al.*, 10 *O. R.*, 357.

This is but the assertion of a familiar principle, that the remedy is under the control of the Legislature at all times, and may be enlarged, restrained or taken away. *Young* v. *Whilton*, 9 *O. R.*, 100; *Philips* v. *Barton*, 12 *Wend.*, 68; *Webster arguendo*, 16 *Mass.*, 244-266; *Whitman* v. *Adams*, 2 *Cow.*, 626; *Smith* v. *Spinola*, 2 *Johns*, 198; 2 *Kent*, 397, 462, *and cases cited*; *Mason* v. *Haile*, 12 *Wheat.*, 370,

When we consider this principle in connection with the additional fact that the arrest of the debtor is the highest satisfaction of the debt known to the law, (1 *Cow.*, 566, 9 *Wend* 241 11, *Wend* 41,) it cannot certainly with any show of reason or law be pretended that the legislatures have not the most ample powers to legislate on the subject of the remedy, when a party has proceeded under the existing remedies till he has charged his bebtor in execution, and then holding a law discharging him valid. This law gives two years after the debt has accrued, to sue in our courts, after that no suit can be maintained.

It may be contended that this law cannot be interposed for two years after its passage. This construction would also violate another well established principle of law, that the law in force at the commencement of the suit must govern. It would be suspending the operation of the *lex fori* two years. In case no special exception is provided, the law attaches the instant that a person invokes the remedies of the forum. *Pres. Direc. & Co. of Bk. U. S.* v *Dalton*, 9 *How*, 522, *and cases supra*.

I claim further, that the judgment is an absolute discharge of the defendants. The plaintiffs did not choose to amend their petition, but stand by their petition in error, and having made their election they are bound by it, and in any event, under the second point in the motion, the action is absolutely barred, and no amendment can help the plaintiffs.

*By the Court*, COBB, C. J.

The plaintiffs commenced their action in the late Territorial Court of the first Judicial District, against the defendants on the 14th day of November, 1860, alleging in their petition that the plaintiffs and defendants in the month of March 1853, entered into partnership in the business of contractors and railroad builders in the State of Ohio, on the terms that the plaintiffs should be jointly entitled to half the profits and bear half the losses of the business; and the defendants have the like interest therein. That the business of the firm continued until March 1856, when the firm was dissolved and "the business thereof wound up and settled," and an account stated between the parties.

That upon closing the business no assets of the firm remained. That plaintiffs had drawn from the firm $2,378.69, and the defendants $7,244.90 and prayed judgment for $2,433.10. The defendants answered, first that the cause of action arose beyond the limits of the State of Kansas and in the State of Ohio, and did not accrue within

two years before the commencement of the action.   And as a second defence, they expressly admit the formation of the partnership and set out its terms and the proceedings of the parties under it, more fully than they are stated in the petition ; allege that the partnership books were kept by one of the plaintiffs, and state many important errors in them adverse to the defendants ; and that the plaintiffs had made use of a large amount of property of the firm which they had never accounted for, and allege that on a fair adjustment of the partnership accounts there will be found due to the defendants the sum of $569.44, with interest at six per cent. since April 1st, 1856, and pray the taking of an account between the parties and for judgment against the plaintiffs for such sum as may be found due the defendants. The plaintiff demurred to the first cause of defence on the ground that it does not state facts sufficient to constitute a defence, and replied to the second by a general denial.

Upon these pleadings the Court with the consent of parties, made an order referring the cause to John M. Price, "appointed a special master to take a mutual account of all dealings and transactions between plaintiffs and defendants referred to by the pleadings, and to report to the Court, &c."

Said special master took such account, and at a subsequent term duly reported the same to the Court, showing a balance in favor of the plaintiffs.

Upon this report the plaintiffs moved for judgment in their favor, and the defendants moved the Court to arrest the judgment on the ground that the plaintiffs petition does not state facts sufficient to constitute a cause of action, for the reasons,

1st.   That it appears from the petition that the action was not commenced within three years after the right of action accrued, and

2d.   That it appears that the cause of action accrued in Ohio, and the action was not commenced within two years

after the cause of action accrued, and no reason for the delay is stated in the pleadings.

The Court arrested the judgment and gave judgment against the plaintiff for costs.

The plaintiff alléges as error,

1st. That the Court erred in sustaining the motion in arrest of judgment, and granting an order therefor.

2d. That the said Court erred in not granting the motion for confirmation of said commissioner's report, and in refusing to enter judgment thereon.

3d. The Court erred in refusing to consider the evidence returned and forming a part of report.

The counsel for defendants claim that the plaintiff's action was barred by the statute approved Feb. 10, 1859, and which by its terms went into effect on the same day, requiring actions upon contracts made beyond the limits of the Territory to be brought within two years after the cause of action accrued, and also by the limitation law included in the code requiring such action to be commenced within three years after such cause of action shall have accrued.

It appears by the petition that the right of action in this cause had accrued more than two years before the first mentioned law was passed, and if the defendant's doctrine is correct, the time for commencing the action was not *limited*, but the cause of action instantly *barred* by that statute.

There is no language in that law indicating an intention to apply it to such cases, and it would be disrespectful to the Legislature who passed it to presume that they intended so gross and manifest injustice to creditors.

But had such intention been expressed the statute as to such cases would be void. Section 10 of Article 1 of the Constitution of the United States, provides that no State shall pass any " law impairing the obligation of contracts," and if destroying all legal remedy upon a contract does not impair its obligation, it is difficult to conceive how it could be impaired. The legal obligation of a contract consists in

Auld and Auld v. Butcher and Butcher.

the right of either party to have it enforced aga'nst the other or to recover compensation for its breach by due process of law, and any argreement not carrying with it such right, is, in law, a perfect nullity.   It is true that although the legal remedy upon a contract be destroyed the moral obligation will remain, and with or without constitutional restrictions, no human power could impair it.   But the provision of the constitution referred to, was not intended by its framers to prohibit legislatures from impairing moral obligations, (a thing in its nature impossible,) but to prevent them from impairing legal rights vested under contracts, by impairing or destroying the legal power to enforce them.   We are not aware of any reported case upon this exact point, but respectable text writers and dicta of several eminent judges sustain the view here expressed. In Society &c. *v.* Wheeler, 2 Gall., 194, JUSTICE STORY, says: "If the Legislature were to pass an act of limitation by which all actions upon past disseizens were to be barred without any allowance of time for the commencement thereof in future, it would be difficult to support its constitutionality, for it would be completely retrospective in its operation on vested rights," and in Sturges *v.* Chowninsheild, 4 Wheat. R., 122, CHIEF JUSTICE MARSHALL said: "If in a State where six years may be pleaded in bar to an action of assumpsit, a law should be passed declaring that contracts already in existence not barred by the statute, should be construed to be within it, there could be little doubt of its unconstitutionality.   See also Smith's Commentaries on Constitutional and Statutory Law, page 407, and the following cases there cited.   *Call* v. *Hagger,* 8 *Mass. R.,* 430 ; *Proprietors of Kennebeck Purchase* v. *Laboul Greenleaf,* 294, 3 *Peters,* 290 ; *Blackfoot* v. *Pettier,* 1 *Black,* 36 ; *Sedgwick on Statutary and Constitutional Law, and cases there cited.*   There are numerous cases in which it has been held that the remedies of a party to enforce his judgment by execution against the person or property of

the debtor, where there is no mortgage or other lien upon the debtors property, may be modified by a statute passed after the making of the contract upon which the judgment was recovered, but none we believe that all remedy upon such judgment may be swept away. That class of cases, however far they may go in allowing such modification, are not analagous to this, and we know of no case or dictum sustaining the doctrine that a right of action already vested under a contract, may be divested by an act of the Legislature.

All the authorities cited by the defendant as sustaining this doctrine to which we have access, are quite foreign to the point in controversy, and if any decisions of courts of sister States exist sustaining the defendant's doctrine, they are too manifestly repugnant to the constitutional provision above cited, to be followed as precedents here. The cause of action stated in the petition was therefore not barred by the Limitation Law passed on the 10th of February 1859.

But it is claimed that the petition shows that the plaintiff's cause of action was barred by the limitation of three years provided for in the Code, and that judgment was properly arrested on that ground.

We will first enquire whether, assuming that the plaintiff's action was so barred, the defendant was in condition to avail himself of that defence after the report of the referee? The plaintiff's petition was for a balance stated in his favor upon an account between the parties as partners. The answer admitted the partnership and its dissolution and a large partnership account between the parties, but denied the striking of any balance, claimed that on a fair accounting there would be found a balance in his favor, and prayed that an account be taken and judgment rendered for such balance, and the parties both assented in open court to the order which was made for the taking of the account before a referee.

By assenting to the taking of the account the plaintiff abandoned his claim to recover as upon an account stated, and by the assent of both parties appearing of record the action became in substance an equitable action for a final accounting between former partners.   If the accounts thus sought to be settled were barred by the statute of limtiation, the action for stating the account was barred as to both parties, and no accounting could properly be had till that question was determined.

In chancery, the practice in such suits was, when the defendant set up by plea, answer or demurrer, any bar to the account to try the issue of law or fact raised, and if the account was found to be barred, dismiss the bill, but if the issues were found for the complainant, an interlocutory decree was made that an account should be taken, and a reference was then made to a master to take and state the account, and upon the coming in and confirmation of his report, a final decree was made for the balance found due to either party.

If the defendant, as in this case, requested or assented to the taking of the account, the accounting was ordered of course, and reference made accordingly.   There is nothing in the Code changing substantially this remedy, and it is believed to be still the correct practice to dispose of all matters in bar of an accounting before the account is stated, and that if a defendant chooses not to set up such bar, but to take his chances of getting a report in his favor, and prays that the account be taken, he waives the bar and should not be allowed to raise it afterwards.

It is argued by the defendant that by the provisions of Section 98 of the Code, he has not waived the defence, because it appears upon the face of the petition, and the petition therefore does not state facts sufficient to constitute a cause of action.

That section provides that "if no objection be taken either by demurrer or answer, the defendant shall be deem-

ed to have waived the same, except only the objection to the jurisdiction of the Court, and that the petition does not state facts sufficient to constitute a cause of action.

That the lack of material facts in the petition to constitute a cause of action is not waived by failing to demur, for that cause or answer is fairly inferrible from the language of that section, but it furnishes no authority for holding that a defence appearing by the petition will not be waived by answer, and other proceedings of the defendant placed upon the record wholly inconsistent with such defence.

Suppose the defendant together with the answer filed by him had filed an additional answer setting up the three years' limitation as a bar to the partnership account? The one would have been in irreconcilable antagonism with the other. By one answer he sets up a partnership account upon which he alleges there is a large balance due to him, and prays the Court to take an account of the partnership business and give him a judgment for the balance in his favor. By the other he declares in the same breath, that the whole partnership account is barred by the Statute of limitations, and no judgment can be rendered on it. In such case the Court, on motion, would compel the defendant to elect which answer he would stand upon, and strike the other from the record. *Van Stantford' Ple.*, 2nd ed., 518-19, *and cases there cited.*

But surely the defence attempted in this case is not less inconsistent with the defendants answer than if it had been placed upon the record with it.

The judgment was arrested on the ground that the petition showed a defence to the action, but other portions of the record show that defence to be waived by the defendant, and what is tantamount to an agreement of record by both parties, to waive any such defence. On motion in arrest of judgment the whole record is before the Court, and if a defect of the petition is waived of record by the defendant, the judgment should not be arrested for such defect.

It is needless therefore, for us to discuss the grave question whether by the petition alone, the cause would appear to be barred by the statute.

The order arresting judgment and the judgment for costs in the District Court must be reversed and judgment for costs in this Court rendered against the defendants, and the cause be remitted with instructions to the Court below to render judgment upon the report of the referee or special master, as upon a special verdict.

All the justices concurring.