## WRIGHT v. CRAIG.

No. 28255.   Feb. 14, 1939.

A. O. Manning, for plaintiff in error.

J. Dawson Houk, for defendant in error.

DAVISON, J. This is the third time the parties to this appeal have been before the court in matters arising out of the same controversy. In cause No. 22551, Craig v. Wright, 169 Okla. 245, 43 P.2d 1017, this court reversed a judgment for the defendant in a libel action and remanded the cause to the district court of Major county for a new trial. Upon subsequent trial the judgment of the trial court was again for the defendant, and our decision was one of affirmance. Craig v. Wright, 182 Okla. 68, 76 P.2d 248.

This cause is connected with the first appeal. The mandate of this court specified the court costs to be $100. Thereafter, on November 12, 1935, upon motion of the plaintiff, Craig, the trial court entered judgment against the defendant, Wright, for that amount, thus adjudicating the liability for the costs set forth in the mandate. No appeal was taken from the judgment thus rendered. However, on December 9, 1935, and within the term during which the judgment was rendered, a motion to vacate same was filed. Apparently no action was ever taken on this motion. No order was ever made in connection therewith, suspending the plaintiff's right to proceed to enforce the judgment.

After other proceedings in the cause which need not be reviewed herein, an alias execution was issued on the 8th day of July, 1936, under which the sheriff of Major county levied upon and sold certain real estate belonging to the defendant.

The defendant filed objections to the confirmation of sale, which were by the court overruled. The sale was confirmed on the 28th day of November, 1936. In connection with the confirmation of the sale a "motion to recall the alias execution" which had been previously filed by the defendant was overruled.

It is urged by the defendant in substance that the original judgment determining the liability for costs in connection with the first appeal to this court was erroneous, and that if the motion to vacate it had been acted upon, it should have been sustained. Since no action was taken on the motion and no order made either sustaining or overruling the same, we cannot view

this case as though such an order had been made and an appeal perfected to review it. The original judgment determining the liability of the parties for costs is not before us for review. The errors inherent therein, if any, are not before us for consideration in connection with this appeal from the order confirming the sale. In passing upon whether a sale of real estate on execution should be confirmed the court is limited to the regularity of the sale proceedings, and may not properly inquire into the regularity of the judgment. Millard. v. Nelson, 139 Okla. 56, 281 P. 238; Burton v. Mee, 152 Okla. 220, 4 P.2d 33. The scope of inquiry is not enlarged by appeal.

It is also urged that the sale proceedings were void because the motion to vacate the judgment was pending .during the time such proceedings were had. An analogous situation is presented where a motion for new trial is filed. This court has decided that the pendency of such a motion does not in itself operate to stay execution upon a judgment. Barnett v. Bohannon, 27 Okla. 368. 112 P. 987; see, also, Scott v. Joines, 71 Okla. 89. 175 P. 504; Sautbine v. United States Cities Corporation, 114 Okla. 110, 243 P. 499. Similarly by statute (sec. 561, O. S. 1931. title 12, O. S. A. sec. 1036) the court is empowered, upon proper showing, to suspend proceedings for the enforcement of a judgment when a proceeding is instituted for the vacation thereof. This by necessary implication negatives the idea that such a proceeding by its own force and without appropriate order by the court stays execution. Upon consideration of the . foregoing authorities and statutory provision, we hold that the pendency of the motion to vacate judgment did not suspend the authority to enforce the same by execution.

The plaintiff in error also urges that the court erred in confirming the sale of the real estate, for the reason that the defendant, at the time, had personal property of sufficient value to satisfy the judgment. In this connection reliance is placed upon the provision of section 445, O. S. 1931 (title 12, sec. 751, O. S. Ann.), which requires that a levy under an execution be made on personal property in preference to real estate. It provides in part:

"The officer to whom a writ of execution is delivered, shall proceed immediately to levy the same upon the goods and chattels of the debtor; but if no goods and chattels can be found, the officer shall endorse on the writ of execution, 'No goods,' and forthwith levy the writ of execution upon the lands and tenements of the debtor. * * *"

An examination of the record upon this point reflects that the return of the officer certifies that no goods or chattels were found. However, in connection with the hearing on motion to confirm the sale it was shown that defendant (plaintiff in error) was the owner of certain items of personal property in Major county which, had they been located, would probably have been of sufficient value to satisfy the judgment. It was not shown that the sheriff of Major county knew of this property at the time the levy was made or during the time sale proceedings were being carried forward by him. Neither does it appear that the judgment debtor ever, at any time, prior to the sale of the real estate, advised the sheriff of the existence of such personal property. Indeed no mention of its existence was made in the motion to quash the execution, which was filed after the levy was made, but prior to the sale of the property.

It should be carefully noted that under the statute (sec. 445, supra) the right to levy upon and sell real estate is contingent upon the **"not finding"** of personal property upon which to levy rather than the **non-existence thereof.** The distinction is of controlling importance in this case.

While the precise question here presented does not seem to have been previously considered by this court, it has been passed upon by the Supreme Court of South Dakota in connection with a very similar statute. That court held in substance that in order to render the levy and sale of the real estate vulnerable and subject to successful attack in the face of a return by the officer showing "no goods found" it must be made to appear that the sheriff was advised of the existence of the personal property prior to the sale of the real estate. In the cited case the court imposed the duty of making the necessary revelation upon the judgment debtor. First National Bank of Deadwood v. Black Hills Fair Association (S. D.) 48 N. W. 852. See, also, 23 C. J. 445. In so far as the requirements of this case justify, we concur in the reasoning of the Dakota court. The law cannot countenance the lethargy of a judgment debtor who, knowing of the existence of his own personal property upon which a levy could be made, sits idly by while a sheriff, who has been unable to locate the same, sells real estate, by permitting the judg-

ment debtor to subsequently deny the validity of the sale proceedings because of the existence of the undisclosed personalty.

After a careful examination of the sale proceedings in this case. we are of the opinion that no error was committed by the trial court in confirming the sale, and so hold. The decision of the trial court is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.