## OSBORN et ux. v. HOME FEDERAL SAVINGS & LOAN ASS'N et al.

No. 28842.    Sept. 19, 1939.

Rehearing Denied Nov. 7, 1939.

Lamoin Oldham, for plaintiffs in error.

Albert Bell, for defendants in error.

DAVISON, J. This is an appeal from an order confirming a sheriff's sale pursuant to a decree foreclosing a real estate mortgage.

At the hearing upon the motion for confirmation of the sale, the appellants objected thereto on the following grounds:

"(1) That the sale price received was grossly inadequate; and (2) that there are irregularities appearing in the order of sale, appraisement, notice of sale and return of sale, and that same were not had and done according to law."

It appears that the substance of the only objection urged besides the inadequacy of the sale price was that the appraisers did not proceed properly in making their appraisal of the property. It is contended that the appraisal was not made "upon actual view" of the property as is contemplated by our statutes. From the evidence introduced, it appears that the property in question is an acreage located near Southern Hills Country Club in Tulsa county, Okla., with a house and other improvements thereon. It further appears that the premises were not occupied on the date the appraisal was had.

The substance of the evidence introduced to support the appellants' claim that the appraisers had not actually viewed the property was that the property could not be viewed from the road; that it was surrounded by a fence and the gates therein as well as the house were kept locked; that the only keys thereto were in their possession and had never been relinquished to the appraisers.

In their briefs, the appellants contend that the evidence which they maintain proved an irregularity in the appraisal, coupled with their showing as to the inadequacy of the sale price, was sufficient to entitle them to prevail in their objections to the confirmation, and that the court erred in overruling same and sustaining the appellee's motion to confirm. The appellee, on the other hand, contends that the evidence fails to support the objections to the confirmation, and that, since the sale proceedings were regular on the face of the record, the sale should have been confirmed.

We think the latter contention must prevail. Without regard to any presumption that must be indulged in favor of the verity of an officer's return, and disregarding the sufficiency of the circumstances shown to contradict the appraisers' certification that they did actually view the premises, it has long been recognized by this court that the only subject before the court upon the hearing of a motion to confirm a sheriff's sale is the regularity of the sale proceedings. Our statute upon the subject (sec. 456, O. S. 1931, 12 Okla. St. Ann. § 765) comes to us from Kansas (Gen. St. Kan. 1889, par. 4556) with the interpretations already placed upon it by the Supreme Court of that state.

In White-Crow v. White-Wing, 3 Kan. 276 (Dass. Ed. 270), it was held that under the predecessor to this section of our statutes, the court should confine itself in passing upon a motion to confirm "to an examination of the return of the officer, and if that shall show prima facie that all the requirements of the statutes have been complied with, the sale ought to be confirmed, and the motion cannot be resisted, except on the face of the paper."

"The order of confirmation is an adjudication merely that the proceedings of the officer as they appear of record are regular, and a direction to the sheriff to complete the sale." Koehler v. Ball, 2 Kan. 154; and see, in accord, Smith v. Curry, 155 Okla. 235, 9 P.2d 19.

The foregoing rule is qualified by the doctrine of State ex rel. v. Harrower, 167 Okla. 269, 29 P.2d 123, wherein we held in substance that confirmation can be denied upon equitable considerations where the consideration is so grossly inadequate as to shock the conscience of the court. However, this case does not present a situation which justifies an application of that doctrine. The trial court so held by its order of confirmation, and its decision on the point will be affirmed.

In the present case the record of the sale proceedings contains the positive certification that the property was appraised "upon actual view," and it also reflects that it was sold at a price in excess of two-thirds of the appraised value. Thus, since the record of the sale proceedings affirmatively showed them to be regular in the respects that they were objected to as being irregular, the district court committed no error in confirming the sale.

Its judgment is therefore affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DANNER, JJ., concur.