CESAR v. OKLAHOMA FARM MTG. CO. et al.

No. 29629.  March 18, 1941.

Rehearing Denied April 29, 1941.

*112 P. 2d 800.*

Guy L. Andrews, of McAlester, for plaintiff in error.

Fred E. Suits, of Oklahoma City, for defendants in error.

OSBORN, J.  This is an appeal from an order of the district court of Pittsburg county prosecuted by Dug Cesar, hereinafter referred to as plaintiff, against the Oklahoma Farm Mortgage Company and Andrew Kingkade, trustee, hereinafter referred to as defendants, which order confirmed a sale of real estate under a special execution issued pursuant to a judgment foreclosing a mortgage upon the property of plaintiff.

This is the third time this litigation has been before this court. See Cesar v. Oklahoma Farm Mortgage Co., 93 Okla. 254, 220 P. 590; Oklahoma Farm Mortgage Co. v. Cesar, 178 Okla. 451, 62 P. 2d 1269. The judgment herein involved was rendered pursuant to the mandate of this court in the last-cited case. After the allowance of certain offsets in favor of plaintiff, it was found that plaintiff was indebted to defendant, Kingkade, trustee, in the sum of $928.26, together with interest and costs. Judgment was entered in his favor for that amount, which was declared to be a first lien upon the real estate involved. It was found that plaintiff was indebted to the Oklahoma Farm Mortgage Company, or its successors in interest, in the sum of $1,-550.32, with interest and costs, and judgment was entered in its favor for that amount, and its judgment was declared to be a second lien upon the real estate herein involved. The judgment further directed the sale of said real property to pay the amounts found due in the event said sums were not otherwise paid by plaintiff. The judgment was entered on December 22, 1937. A special execution

and order of sale was issued on October 8, 1938, and on November 21, 1938, the property was sold at sheriff's sale to Andrew Kingkade, trustee, for a consideration of $2,676.94, said sum being the amount of the accrued indebtedness existing against said property at the time of said sale.

A number of contentions are made which cannot be considered, since the scope of our inquiry must be confined to the regularity and validity of the sale proceedings. We are not authorized to inquire into the regularity of the judgment upon which the execution was issued. Turner v. Clark, 183 Okla. 458, 83 P. 2d 178; Wright v. Craig, 184 Okla. 371, 87 P. 2d 317; Osborn v. Home Fed. Sav. & Loan Ass'n, 185 Okla. 629, 95 P. 2d 604.

By way of objections to the confirmation of the sale, it was alleged that at the time the loan herein involved was made, an abstract of the properties was made and delivered to defendants which was of the value of more than $350; that immediately upon the rendition of the judgment hereinabove referred to, plaintiff made application to the Federal Land Bank of Wichita, Kan., for a loan to cover the amount of the indebtedness; that the land was inspected and the loan approved by the Federal Land Bank subject to an examination of the title; that the plaintiff made demand upon defendants for return of his abstract, and that defendants failed and refused to return the same, notwithstanding numerous promises that the abstract would be delivered to him; that because of the delay occasioned by the failure of defendants to return the abstract a second application for the loan was necessary, which application was pending at or about the time the notice of sale was issued; that plaintiff subsequently made application to the Land Department of the State of Oklahoma for the purpose of obtaining a loan sufficient to satisfy the judgment indebtedness; that he had a new abstract made at an expense of $500; that the Land Department of the State of Oklahoma has agreed to loan him the sum of $3,700, which will more than pay the amount due. It is further alleged that the price for which the land was sold at the sale was approximately 25 per cent. of its actual cash value; that it would be unconscientious and unjust to confirm said bid and such a loss to the plaintiff when the funds to make said payment are now available and "would have long ago been available but for the failure of the judgment creditors to return the property to which he was entitled."

The above allegations with respect to the failure of defendants to return the abstract to plaintiff in order that he might secure a loan are amply sustained by the evidence presented.

Evidence was introduced to the effect that the actual value of the land was from $8,000 to $12,000.

In the order approving the sheriff's sale the trial court found that "the said defendant, Dug Cesar, having offered to pay the intervener the amount of said judgment, and said offer was refused."

In the case of Miller v. Gray Eagle Oil & Gas Co., 164 Okla. 259, 262, 23 P. 2d 657, it was said:

"In the case of Moore v. Miller (Tex. Civ. App.) 155 S. W. 573, the court in discussing this very point said:

" 'Where property has been sold at execution sale at a very inadequate price, a court of equity will set the sale aside where the defendant makes a prompt offer to pay the indebtedness, costs, and interest. . . .

" 'Certainly, when there is an enormous inadequacy of price at a sheriff's sale, if there are but slight irregularities or other circumstances attending calculated to prevent the property from bringing something like its reasonable value, it is regarded as unconscientious in the purchaser to hold the property so purchased, and his deed will be canceled.' "

We are of the view that the rule above referred to justifies setting aside the sheriff's sale involved herein. There is involved an enormous inadequacy of price, a tender of the indebtedness, costs

and interest and other circumstances attending calculated to prevent the property from bringing something like its reasonable value. We have pointed out what the circumstances are, and thus, as we regard it, it is unconscientious to permit plaintiff to be thus deprived of his property.

The cause is remanded to the trial court, with directions to the trial court to cause the tender of the sums due to be made within 30 days from the spreading of the mandate, and if said tender is performed, the order confirming sale shall be vacated, but if said tender is not performed as directed, the order confirming said sale is affirmed.

CORN, V. C. J., and GIBSON, HURST, and DAVISON, JJ., concur.