PAULINE OIL & GAS CO. v. FISCHER.

No. 27931. Oct. 21, 1941.

Rehearing Denied April 14, 1942.

Application to File Second Petition for Rehearing Denied Nov. 10, 1942.

*130 P. 2d 305.*

Priest & Belisle, T. G. Chambers, and James R. Eagleton, all of Oklahoma City, for plaintiff in error.

Hunt & Eagleton, of Tulsa, and Horace D. Ballaine, of Pawnee, for defendant in error.

GIBSON, J. This cause was here on a former occasion when the judgment of the trial court in favor of the plaintiff below was reversed (Pauline Oil & Gas Co. v. Fischer, 185 Okla. 108, 90 P. 2d 411). It is now here on mandate of the Supreme Court of the United States, after reversal of our former judgment, with directions to proceed in accordance with the opinion (Fischer v. Pauline Oil & Gas Co., 309 U. S. 294, 60 S. Ct. 535, 84 L. Ed. 764).

The action was for possession and to quiet title to a certain oil and gas mining lease. Plaintiff below claimed by virtue of a sheriff's deed executed on foreclosure of a workman's lien allegedly arising under the Workman's Compensation Act, while defendant claimed title under an assignment from the trustee in bankruptcy of the judgment debtor.

The main issue was the validity of the alleged lien as against the trustee in face of the Bankruptcy Act voiding, under certain conditions, all liens obtained against an insolvent person within four months prior to the filing of a petition in bankruptcy against such insolvent (sec. 67 (f) Bankruptcy Act of 1898, 11 U.S.C.A. § 107 (f) ). Proceeding on the theory that a determination of that question adversely to plaintiff would fully dispose of the case, we consider no further assignments.

The facts, circumstances, and issues in the case are fully set out in Pauline Oil & Gas Co. v. Fischer, above, to which we here refer.

We held that the lien was obtained against the debtor when it was insolvent and within less than four months prior

to filing the petition in bankruptcy, and that the same was therefore nullified by the subsequent adjudication of bankruptcy, and that the judicial sale under the lien passed no title to plaintiff.

The Supreme Court offers some criticism against our pronouncement in this regard, saying that we held that the section, above, by force of its own terms, and without regard to the exceptions therein contained, nullified the lien so that the property passed to the trustee discharged thereof, and that the sheriff's deed delivered pursuant to the lien was void.

In its opinion the Supreme Court has said that although section 67 (f) unequivocally declares that the lien shall be deemed null and void, and the property affected by it shall be deemed wholly discharged and released, the section makes it clear that this is so only under specified conditions. Those conditions, as pointed out in the opinion, are that at the date of creation of the lien the bankrupt must have been insolvent; the lien must have been acquired within four months of the filing of the petition in bankruptcy; and the property affected must not have been sold to a bona fide purchaser; and, furthermore, the lien is preserved if the trustee elects to enforce it for the benefit of the estate. The opinion then continues as follows:

"These conditions create issues of fact which, as between the trustee, or one claiming under him, and the lienor, or one claiming by virtue of the lien, the parties are entitled to have determined judicially. The courses open to the trustee under the Bankruptcy Act of 1898 were to proceed to have the lien declared void, by plenary suit, or by intervention in the court where it was obtained, or by applying, in the bankruptcy cause, to restrain enforcement, as might be appropriate in the circumstances."

We gather from the Supreme Court's opinion that these issues were thought not to have been considered by us on reversal of the judgment, and that the same were not fully adjudicated at the trial.

From an examination of the record, however, it becomes clear that all the above conditions stood fulfilled. The debtor was insolvent at the time the lien attached; it attached within four months prior to filing the petition in bankruptcy; and the plaintiff was not a bona fide purchaser. He was formally notified of the filing of the petition before he purchased the property on execution. This is not disputed. And the trustee at no time has elected to preserve the lien for the estate.

These matters were all before us on appeal, but our holding on the question may have been somewhat incomplete as an abstract statement of the law, but, under the facts, our general conclusion was correct. Our syllabus No. 3 should therefore be revised to state the law fully as above expressed and in conformity with the decision of the Supreme Court.

We note, however, that our decision was reversed on the ground that the issues in this case had been determined against the trustee in a former judicial proceeding, and that the trustee and the defendant, his assignee, were estopped by the judgment therein rendered.

The judgment so held to be res judicata of this case was entered on confirmation of sale on execution in satisfaction of the lien. In that case the trustee appeared and objected to the confirmation on certain grounds, and asked the trial court to turn the property over to him as trustee in bankruptcy. The court overruled the objection and confirmed the sale to the present plaintiff. The trustee did not appeal.

The above question, so far as we are able to ascertain from the record, was not before this court on the appeal. It was called to our attention for the first time on plaintiff's petition for rehearing. The cause went to the Supreme Court on writ of certiorari, and this point was apparently not presented in the petition for the writ. Our understanding is that the Supreme Court usually confines itself to the grounds upon which the writ is asked or granted. (E. W. Clark,

Commissioner, etc., v. Williard et al., Trustees, 294 U. S. 211, 55 S. Ct. 356, 79 L. Ed. 865; Morehead v. New York ex rel. Joseph Tipaldo, 298 U. S. 587, 56 S. Ct. 918, 80 L. Ed. 1347).

But, regardless of what we may say as to the above matter, it is apparent that the Supreme Court was not fully advised concerning the effect in this state of an order confirming sale rendered on objection to motion to confirm. This court has construed our statutes governing confirmation of sale on execution (sec. 456, O. S. 1931, 12 Okla. Stat. Ann. § 765), and has held that the court in passing on the question whether the sale should be confirmed is limited to the regularity of the sale. Lexington Land Co. v. Ambrister, 179 Okla. 86, 64 P. 2d 703; Wright v. Craig, 184 Okla. 371, 87 P. 2d 317; Osborn v. Home Federal Savings & Loan Ass'n, 185 Okla. 629, 95 P. 2d 604. In the Lexington Land Co. Case we held as follows:

"Upon confirmation of sheriff's sale the inquiry of the court is limited to the regularity of sale proceedings and their sufficiency to resolve value of their subject."

And further:

"The claim of a stranger to property offered at judicial sale as the property of judgment debtor cannot be tried or determined upon objection by such stranger to confirmation of the sale."

This will apply as well to a trustee in bankruptcy who claims the property as an asset of the bankrupt's estate.

The Supreme Court apparently assumed that the trustee had intervened in the lien foreclosure proceedings as provided by the Bankruptcy Act (11 U.S.C.A. § 29 (b) ). It is there provided that the court may order the trustee to enter his appearance and defend any pending suit against the bankrupt. And this court has held that in the furtherance of justice the trial court may permit intervention either before or after judgment for the protection of some right relating to the subject of the litigation (Sizemore v. Dill, 93 Okla. 176, 220 P. 352). But the fact remains that the trustee did not intervene for the purpose of litigating the issue of ownership, but merely to object to confirmation of sale on the ground of his claim as trustee. Under the rules of procedure in this state such claims cannot be litigated on motion to confirm. This does not appear in conflict with any provision of the Bankruptcy Act.

In so holding we have no intention of diregarding the mandate. Had the attention of the court been called to our previous construction of the statute, above, it is reasonably certain that such construction would have been accepted. It appears that the Supreme Court has suggested no interpretation of the statute, and that our interpretation in no way conflicts with its decision, for no decision was made on the particular question concerning the effect of the statute. The propriety of our action here is not without recognition. Georgia Railway, etc., Co. v. City of Decatur, 297 U. S. 620, 56 S. Ct. 606, 80 L. Ed. 925. There the Supreme Court recognized the right of the state court, on mandate, to place its own construction on the state statutes, notwithstanding such construction would result in affirming its former decision that had been appealed to and reversed by the Supreme Court.

In disposing of this case we adopt here the rules of law as expressed in the first, second, and fourth paragraphs. of the syllabus of our former opinion, and apply in addition thereto the pronouncements above set out, and permit the judgment of the trial court to stand reversed as previously announced.

The judgment is reversed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, and BAYLESS, JJ., concur. HURST, J., disqualified. ARNOLD, J., not participating. DAVISON, J., absent.