## HENRY KENDALL COLLEGE v. FISHER.

No. 12394—Opinion Filed Dec. 26, 1923.

### Judgment—Res Judicata.

Afact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon the same or a different cause of action.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Tulsa County; L. J. Martin, Judge.

Action by Rose Fisher against Henry Kendall College. Judgment for plaintiff, and defendant brings error. Reversed.

Randolph, Haver & Shirk, for plaintiff in error.

Rufus & Underwood, for defendant in error.

Opinion by JARMAN, C. This suit was filed in the superior court of Tulsa county by Rose Fisher against Henry Kendall College, a corporation, to recover the sum of $600, the amount alleged to be due from the defendant to the plaintiff on a certain lease contract, and to recover certain damages alleged to have been done to the leased premises by the defendant. An instructed verdict was returned in favor of the plaintiff, on which judgment was rendered by the court and the defendant brings error.

On October 1, 1918, the plaintiff and the defendant entered into a least contract in writing whereby the defendant leased from the plaintiff an apartment house in Tulsa for a term of nine months at a monthly rental of $120. This property was leased by the defendant for the purpose of providing quarters for the Students Army Training Corps, established at Henry Kendall College under the direction of the War Department. The defendant took possession of said property on December 1st and occupied the same until after the Armistice was signed, and during the month of December, 1918, the defendant ceased to occupy said premises and notified the plaintiff that it would not use the same any further, but the plaintiff refused to release the defendant from the lease contract and demanded that the full consideration be paid during the entire term of said lease. The rents were paid for the months of October, November, and December, and when the January rent became due and the same was not paid, the plaintiff filed suit in the justice court of Tulsa county against the defendant for said month's rent, $120, and on appeal to the district court of Tulsa county, judgment was rendered in favor of the defendant. The instant action is to recover rents for the months of February, March, April, May, and June.

For answer, the defendant alleges that it executed said lease contract under the instructions of and as the representative of the War Department in order to provide for quarters of the S. A. T. C. which had been established by the government at the Henry Kendall College; that the defendant, as a representative of the United States government in leasing said premises, notified and advised the plaintiff when making said lease that the same was being done for and on behalf of the government, and that said premises would not be needed for a longer period than the war conditions demanded, which the parties to said contract computed to be nine months; that inasmuch as war was discontinued prior to the time the parties had computed would be necessary to occupy said leased premises, which made it unnecessary for said premises to be used longer for the purpose for which the same was leased, there was no further rent due, and the defendant was not liable on said contract any further. The defendant alleges as a further defense that the plaintiff is estopped to maintain this action by reason of the judgment rendered in the district court of Tulsa county on appeal from the justice court wherein the plaintiff sued the defendant to recover the rent on the premises for the month of January, and in this connection the defendant alleges that in that case the same defense was interposed as is interposed in the instant case, which is as above set out, and in support of this allegation the defendant pleads and sets out as exhibits to its answer the amended bill of particulars of the plaintiff, the answer of the defendant, and the journal entry of the judgment rendered in the former cause, from which the plaintiff never appealed, and the same became final. Said pleadings, together with the admissions of the parties, show that the issue which was involved and passed upon in the former case was the liability of the defendant on the lease contract for rent after the defendant ceased to occupy said premises for the Student Army Training Corps, which is the same issue that is presented in the instant case.

The defendant insists that the judgment in the former case, under such circumstances, is a bar to the plaintiff's right to recover in the instant case. The trial court, however, took the view of the question that the judgment in the former case decided nothing further than that the plaintiff was not entitled to recover rent for the month of January and in speaking of said former judgment, the trial court said, "It is a bar so far as that month is concerned."

Counsel for the plaintiff takes the position that the judgment in the former case is conclusive on the parties only upon such questions that were litigated and determined or which might properly have been determined in the former action, and contends that the rent for January, which was involved in the former case, is separate and distinct from the rent for any subsequent months, and that the judgment in the former case as to the January rent did not determine the rights of the plaintiff to rents for subsequent months, which were not involved in said former action. In support of this contention the plaintiff uses the following simple illustration:

"To illustrate, A gave to B a series of notes or other written obligations due and

payable at different times. One falls due. Suit is brought thereon, and on trial, judgment is rendered in favor of B. Would this be an adjudication of the other unmatured notes or obligations in other and subsequent brought actions after their maturity. We think not."

The position of the plaintiff, as shown by the foregoing quotation, is not the question involved in the instant case. If all of the notes referred to in plaintiff's illustration were based upon the same contract and the plaintiff's right to recover on the first note rested upon the question of whether the defendant was liable for the amount on said contract, for the note sued on, the judgment rendered in such action in favor of the defendant would be a bar to the right of the plaintiff to recover on the other notes, where the question as to the right of the plaintiff to recover from the defendant on said contract the amount of said remaining notes is raised. If this were not true, then on a series of notes, such as the plaintiff suggests, the courts would continue to try the same issue over and over.

In the instant case the defendant alleges that by reason of the fact that it was acting as the representative of the United States government in making such lease contract with the plaintiff, and that the same was made and entered into with the understanding between the parties that it should not be effective after there ceased to exist any need for maintaining said quarters for wartime purposes in assisting in taking care of the Students' Army Training Corps, and this same issue and question being presented in the former case, and being determined in that case by the judgment of the district court of Tulsa county, from which no appeal was ever taken, and therefore, said judgment became final, that the adjudication of said question in the former action estops the plaintiff from again litigating said question in the action at bar. There is no contention here that the cause of action in the instant case is the same as that in the former case referred to, but that the issue or question litigated in the former suit is the same question or issue presented in the instant case.

The Supreme Court of the United States, in the case of Nesbitt v. Independent District, 144 U. S. 610, 36 L. Ed. 562, lays down the rule as follows:

"A judgment is conclusive in a second suit upon the same cause of action and between the same parties as to every question which was or might have been presented and determined in the first suit;

but when the second suit is upon a different cause of action, though between the same parties, the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as the other matters which might have been litigated and determined."

The Supreme Court of Oklahoma, in the case of Bruner v. Bearden, 80 Okla. 154, 195 Pac. 117, holds:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon the same or a different cause of action." Cressler v. Brown, 79 Okla. 170, 192 Pac. 417; Uncle Sam Oil Co. v. Richards, 73 Oklahoma, 175 Pac. 749; Oklahoma Moline Plow Co. v. Smith, 81 Okla. 61, 196 Pac. 962.

The trial court erred in instructing a verdict for the plaintiff and rendering judgment for the plaintiff on the issue. Therefore, the judgment of the trial court is reversed and remanded, with instructions to render judgment for the defendant.

By the Court: It is so ordered.