**STUCKWISH, Adm'x, v. ST. LOUIS-S. F. RY. CO.**

No. 22665.• June 30, 1936.

Lydick & Brett, McPherren & Maurer, Morrison & Sons, and Charles E. McPherren, for plaintiff in error.

E. T. Miller and Cruce & Franklin, for defendant in error.

WELCH, J. This action was commenced in Canadian county by plaintiff as administratrix of the estate of her deceased husband, Ed C. Stuckwish, to recover for his alleged wrongful death while employed by defendant. The action was for the benefit of the widow and three children.

One of the grounds of defense was a plea of estoppel or res adjudicata by reason of an alleged former judgment rendered in favor of defendant by the district court of Grady county in an action between the same parties involving the same cause.

The trial court first sustained a demurrer to this plea of former judgment. Defendant appealed, and this court reversed plaintiff's judgment, holding, in substance, that defendant's plea of the former judgment in Grady county was good as against demurrer, and if established would entitle defendant to prevail. See St. Louis-San Francisco Railway Co. v. Stuckwish, 137 Okla. 251, 279 P. 683.

Following that determination the cause was remanded to the trial court, and defendant amended its answer by attaching a complete transcript of the proceedings had in the Grady county case. Thereafter the plaintiff replied, admitting the correctness of such transcript, but presenting the contention that the Grady county judgment was not upon the merits. The trial court then sustained defendant's motion for judgment on the pleadings, and the plaintiff prosecutes this second appeal.

The sole question now is whether the former action and judgment for defendant in Grady county was a bar to this subsequent action in Canadian county. The gist of that question is whether the former judgment in Grady county was upon the merits and determined that defendant was not liable.

The pleadings and admissions in the instant case reveal the following with reference to the Grady county case: The same plaintiff, Mary K. Stuckwish, there sued in her individual capacity and for her children, alleging the same accident which caused the death of her husband as a result of the alleged negligence, and seeking damages for such wrongful death for herself and her three children. It is clear that the petition stated a cause of action. The defendant's demurrer challenging the sufficiency of the petition was overruled, and the cause proceeded to trial. A jury was empaneled and the plaintiff presented her evidence and rested. Whereupon the defendant demurred to the evidence: '

" * * * For the reason that the same is not sufficient to entitle the plaintiff to recover anything against the defendant in this case; it does not show any primary negligence on the part of the defendant, and for the further reason that the evidence affirmatively shows that plaintiff is not entitled to recover anything in this case in the capacity in which she sues."

There was argument of counsel and the trial judge made this record:

"The Court: Let the record show that

after the court announced his intention to sustain the demurrer, plaintiff asked leave to withdraw their announcements of rest and place other testimony on the stand, to which the defendant objected and the objection was overruled, to which the defendant excepts."

Plaintiff then introduced additional testimony of witnesses upon the merits and in detail. The defendant renewed its demurrer to plaintiff's evidence, and the trial judge made the following record:

"The Court: I still think it is good. (Addressing the jury.) Gentleman, in this case, the defendant has demurred to the evidence of the plaintiff, for the reason that she has shown no act of negligence on the part of the defendant, to entitle her to recover. I think that demurrer is good and I will sustain it, and you may be excused, and I will render judgment for the defendant in this case."

The journal entry of judgment, omitting formal opening recitations, reads as follows:

"The plaintiff having offered all of her testimony in said case, and having in open court announced that she had no further testimony to offer, thereupon the defendant railway company interposed its demurrer to said evidence, and the court, having heard and considered said demurrer and the argument thereon, finds that the same is well taken and should be sustained, and thereupon the court sustained such demurrer and discharged the jury from the further consideration of said cause, to which action of the court in sustaining said demurrer plaintiff in open court excepts, and her exceptions were allowed.

"It is therefore ordered, adjudged, and decreed that the plaintiff herein, Mary K. Stuckwish, recover nothing by reason of this action, and that the defendant, the St. Louis San Francisco Railway Company, be discharged herein with its costs, to all of which judgment the plaintiff in open court excepts, and her exceptions are allowed."

From the sustaining of this demurrer to the evidence and the rendition of this judgment for the defendant in Grady county, plaintiff did not appeal.

In Dickson v. Mackey, 108 Okla. 11, 233 P. 423, it was held in the third paragraph of the syllabus:

"When the second suit is between the same parties or their privies, and upon the same cause of action as a prior suit, the judgment in the first is an adjudication not only as to every question, issue, and fact which was, but also upon those which might have been presented in the first suit."

And it was further held in the syllabus that:

"When the demurrer to the petition contained several grounds, one of which challenged the petition on the merits as to the sufficiency of the facts alleged therein to constitute a cause of action, and it plainly appears from the record that the demurrer was sustained upon the ground of the insufficiency of the allegations of the petition only, the judgment sustaining the demurrer and dismissing plaintiff's cause with costs is a bar to subsequent suit on the same cause of action between the same parties or their privies."

The general rule is stated in 34 C. J., page 1070, that:

"If a judgment or decree purports on its face to adjudicate the entire merits of the controversy, it cannot be contradicted in this respect by extrinsic evidence."

In State of Oklahoma v. State of Texas, 256 U. S. 70, 65 L. Ed. 831, the United States Supreme Court held, in substance, that what is involved and determined in a former suit between the same parties or their privies is to be tested by an examination of the record and proceedings therein, including the pleadings, the evidence submitted, the respective contentions of the parties, and the findings and opinions of the court. There are cases holding, in substance, that where the complete record of the former trial leaves a doubt as to whether the cause was determined upon its merits, it may be proper to allow resort to extrinsic evidence, but it must be admitted that the record itself is conclusive where it discloses actually what was done and determined. It is elementary that, when a cause has once been submitted to a court having jurisdiction, and has been adjudicated and the judgment has become final, a subsequent action is barred.

The plaintiff here urges that the parties were not identical in the Grady county action and in this the Canadian county action. However, the opinion of the former appeal denies this contention, and is conclusive on the point. St. Louis-San Francisco Railway Co. v. Stuckwish above cited.

The plaintiff next contends that the judgment rendered in the former action in Grady county was not upon the merits, but was based upon the trial court's determination that the plaintiff there had no capacity to sue. It is contended in effect that whatever cause of action existed, arose in fact under the Federal Employers' Liability Act, necessitating suit by the personal representative of the deceased; and that the trial court in Grady county merely held that the plaintiff was without capacity to sue, resulting in no determination there on the merits.

The record does not sustain this contention. The petition in the Grady county case stated a cause of action for a wrongful death resulting from negligence. Had that negligence been established, the trial court could have and should have rendered judgment under the state law for damages in behalf of the plaintiff, who was the widow, and the three children. The record discloses that the Grady county judgment was rendered upon a determination that there was no negligence.

There is nothing in the pleadings or proof in the Grady county case even tending to show any lack of capacity on plaintiff's part to maintain the action. While that proposition was named in the demurrer, there is nothing to indicate that the trial court decided upon that ground. If the trial court in Grady county had concluded from the pleadings or evidence that plaintiff could not maintain that action, there would have been no occasion to consider the merits. The fact that the court there did consider the merits and permitted the plaintiff to reopen and offer further evidence on the merits, and finally concluded against plaintiff on the question of primary negligence, seems to confirm the conclusion that the judgment was upon the merits.

Where judgment is rendered on sustaining a demurrer based upon grounds submitting jurisdictional questions as well as testing the merits, it is the general rule that the judgment is conclusive on the merits, unless it affirmatively appears the determination was not upon the merits. 34 C. J. 985 and notes; Durant v. Essex Company, 7 Wall, 107, 19 L. Ed. 154; Lyon v. Perin & Gaff Mfg. Co., 125 U. S. 698, 31 L. Ed. 839; Baker v. Cummings, 181 U. S. 117, 45 L. Ed. 776; Fowler v. Osgood, 141 Fed. 20.

The judgment here appears on its face to be absolute and a general judgment. The demurrer squarely tested the merits of the cause. While the demurrer contained an attack on plain'iff's then capacity to sue, there is nothing to indicate that ground was considered. The judgment was not qualified in any manner to indicate any right to further litigate the merits.

It follows that the former judgment in Grady county was conclusive as to all issues presented or which might properly have been presented for determination. Dickson v. Mackey, supra. One of the important or controlling questions was whether the deceased was engaged in interstate or intrastate commerce. It must be conceded that the court in Grady county had power and jurisdiction to determine such matter, and that such determination could become final and bar a subsequent action. See Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U. S. 611, 46 S. Ct. 420, 70 L. Ed. 757. Another controlling issue was whether primary negligence existed. As we have seen, both these issues were concluded against plaintiff by the Grady county judgment.

Both of these issues are present and essential in the instant case from Canadian county, and having once been decided by a final judgment of a court of competent jurisdiction, remaining unmodified, the same questions cannot again be litigated between the same parties.

In Henry Kendall College v. Fisher, 94 Okla. 255, 221 P. 715, this court held:

"The fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction upon the same or a different cause of action."

In McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 P. 1029, it was held in paragraph 2 of the syllabus thereof:

"The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, has there been such determination? and not, upon what evidence or by what means was it reached?"

And in Woodworth v. Town of Hennessey, 32 Okla. 267, 122 P. 224, the following:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction upon the same or a different cause of action."

See, also, Goodeagle v. Moore, 89 Okla. 211, 214 P. 725. To the same effect, Dill v. Flesher, 73 Okla. 185, 175 P. 359; Smith et al. v. Braley et al., 76 Okla. 220, 184 P. 586; Baker v. Leavitt, 54 Okla. 70, 153 P. 1099; Corrogated Culvert Company v. Simpson Township, 51 Okla. 178, 151 P. 854, 4

A. L. R. 1170; Prince v. Gosnell, 47 Okla. 570, 149 P. 1162.

The pleadings of the parties herein admit the rendition of the former judgment as shown; they further admit that same was rendered upon a demurrer to the evidence, one of the grounds of which demurrer touch-'ed the merits of the cause. They further admit the correctness of the whole record in the former case as attached to defend-ant's answer.

It is suggested, and not without merit, that the decision of this court upon the former appeal is conclusive of the whole matter here presented, since it was there held that the defendant's plea of the bar by former judgment was legally sufficient, and since in this subsequent trial the plaintiff specifically admitted the truth of the facts alleged by the defendant in such plea. And it is true that this court has often held that a decision on a former appeal on the same cause becomes the law of the case and is controlling upon the second appeal. Metro-politan Ry. Co. v. Fonville, 36 Okla. 76, 125 P. 1125; Sovereign Camp of Woodmen of the World v. Bridges, 37 Okla. 430, 132 P. 133; Leonard v. Showalter, 41 Okla. 122, 137 P. 346; Chickasha Cotton Oil Co. v. Lamb et al., 58 Okla. 22, 158 P. 579; Mickleson v. Helm, Same v. Templeton, 89 Okla. 90, 214 P. 117. But it is not necessary that we base our present conclusion solely upon that contention, since the present record so clear-ly sustains the trial court in rendering judg-ment for the defendant on the pleadings.

We conclude, therefore, that the trial court committed no error in sustaining the motion for judgment on the pleadings in this case, and the cause is affirmed.

OSBORN, V. C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur. Mc-NEILL, C. J., and BAYLESS and BUSBY, JJ., absent.