## CRAIG v. WRIGHT.

No. 27298.    Feb. 8, 1938.

Wedgwood & Houk and C. B. Wood, for plaintiff in error.

A. O. Manning, for defendant in error.

HURST, J. This action was instituted by the plaintiff, Craig, to recover damages from the defendant, Wright, for libel. It arose under the following circumstances: In 1920 Wright was tried and convicted in Major

county on a charge of failing to send his child to school as required by the compulsory school laws. Craig was a witness against him in that case. Both parties lived at Ringwood and were in business there, and Wright was postmaster. After the conviction, and while the appeal therefrom was pending in the Criminal Court of Appeals, Wright published several articles in a weekly paper published at Fairview and having a general circulation throughout the county. In none of those articles was Craig mentioned. While none of those articles are before us, the record indicates that they were published for self-vindication, and in one of them Wright mentioned the fact that he was having 2,000 extra copies printed and circulated throughout the county. Thereafter the following article was published in the same paper:

DANGER     CAUTION     BEWARE
—New disease broke out at Ringwood—
It might be the mouth disease. 2000 germs scattered all over Major County last week. Patient dying hard. Will announce his funeral in November.
(Signed) S. C. Craig

A few weeks after this article was published, Wright published the article complained of in the same paper. It is quite lengthy, covering 14 pages of the record, and in it Wright discusses the school laws and endeavors to show wherein the county judge, before whom he was tried, misapplied the law, and wherein he did not have a fair trial, and he complains of the county attorney, county judge, and other citizens who took part in the prosecution, and the reference to Craig was that he and another **"were apparently willing to swear to anything to stick me, whether I was guilty or not."** This is the libel complained of in this case.

The Criminal Court of Appeals reversed the conviction. (Wright v. State, 21 Okla. Cr. 430, 209 P. 179.) This is the second time this case has been to this court. In the first trial the judgment was for defendant Wright, and on appeal the judgment was reversed (169 Okla. 245, 43 P. [2d] 1017). In the former opinion we held that truth together with justifiable motive is a defense to a libel action, and that self-vindication constitutes a justifiable motive, although accompanied by anger. After the case was remanded, the plaintiff struck from his petition the paragraph alleging innuendo. The defendant amended his answer and admitted the publication, pleaded truth, pleaded the publication under the name of the plaintiff above quoted, and alleged it was published of and concerning the defendant, and further alleged that the article complained of was, "in addition to being true in substance and fact,

privileged, and justifiable, and published in answer to the article so published, as aforesaid, by said plaintiff, and was not made, uttered, or published maliciously, but in self-vindication of the article so published by said plaintiff."

The trial court construed the former opinion to mean that the defense of self-vindication is a species of privilege and is a matter for the court to determine, and hear evidence on that question, out of the presence of the jury, and concluded that the publication complained of was not privileged. He submitted to the jury the defense of truth, and instructed the jury that if the defendant had established that defense by a preponderance of the evidence, the verdict should be for the defendant, otherwise the verdict should be for the plaintiff. The jury returned a verdict for the defendant, on which judgment was rendered, and from that judgment this appeal was taken.

In simplified form, it can be said that the trial court decided as a matter of law that the publication was not privileged, but submitted the question of truth to the jury with the instruction that truth itself would be a complete defense, if proven.

The argument of plaintiff is, in substance, that truth is not a complete defense, and the defendant must show in addition to the truth that the publication was a "privileged communication," and since the court found the libel not privileged, it should not have instructed the jury to find for the defendant if he proved truth, but that they should enter a verdict for the plaintiff and merely consider truth in mitigation of damages.

Plaintiff further contends that, since defendant failed to establish "privileged communication," malice is presumed; but this presumption may be rebutted by any direct evidence which might show that he acted without malice.

Before proceeding further it will be necessary to set out the applicable portions of the statutes, which are as follows:

Sec. 724, O. S. 1931. "Libel is a false or malicious unprivileged publication. * * *"

Sec. 726, O. S. 1931: "In all cases of publication of matter not privileged under this section, malice shall be presumed from the publication, unless the fact and the testimony rebut the same. * * *"

Sec. 727, O. S. 1931: "As a defense thereto the defendant may deny and offer evidence to disprove the charges made, or he may prove that the matter charged as defamatory was true, and in addition thereto, that it was published or spoken under such

circumstances as to render it a privileged communication."

Sec. 728, O. S. 1931: "An injurious publication is presumed to have been malicious if no justifiable motive for making it is shown."

Sec. 238, O. S. 1931: "* * * The defendant may allege the truth of the matter charged as defamatory, and may prove the same, and any mitigating circumstances, to reduce the amount of damages, or he may prove either."

It is important to note, at this point, that the trial court fell into error in so far as it may have considered justifiable motive to be a species of privilege. They do not arise from the same source. Absolute privilege comes from section 726, and if the case comes within the provisions of that section, it constitutes a full defense. Justifiable motive finds its source in section 728. But in the case at bar the trial court found there was no privilege. Considered in its proper sense and not to mean justifiable motive, we are bound by such finding, as defendant did not appeal therefrom. Thus we will not discuss privilege, either absolute or qualified.

As to the question of truth, the trial court submitted it to the jury, and they found from sufficient evidence that the publication was true. That finding cannot now be disturbed.

The question of justifiable motive was not submitted to the jury. In the former opinion in this case it was held that, since there was no dispute as to the motive, justifiable motive was a question of law for the court, and the self-vindication or reply to an attack is undoubtedly a justifiable motive. 17 R. C. L. 364; Seelman, Libel and Slander, sec. 254, p. 248. This is now the law of the case and binding upon us in this second appeal. Flesner v. Cooper (1917) 62 Okla. 263, 162 P. 1112; Stuckwish v. St. Louis-San Francisco Ry. Co. (1936) 177 Okla. 361, 59 P. (2d) 285. These motives for making the publication are clearly shown by the evidence. But, in addition to the anger as alleged in the first case, the plaintiff contends that the evidence discloses spite. ill will, desire for vengeance against, and to injure plaintiff, and that "malice" of this nature deprives defendant of his defense of justifiable motive.

For the purpose of determining this issue, we will assume, without deciding, that some type of malice will destroy justifiable motive. But "malice" is a word of highly nebulous meaning in the law of libel, and its use in numerous senses has led to great confusion. 33 C. J. 1146; Seelman, Libel and Slander, sec. 131, p. 121; Townshend, Slander & Libel (4th Ed.) p. 66. We must conclude, therefore, that the word "malicious," as used in the statute, may have several different meanings rather than one particular meaning, and the best we can say is that in each instance it should be determined in what sense it is being used, and justice obtained by permitting "malice" to destroy a defense only if it is the type which, under the circumstances, ought to repel the particular defense.

In this case all of the types of "malice" present, that is, anger, spite, ill will, desire for vengeance against, and to injure, plaintiff, were engendered by and grew from plaintiff's own conduct. Under the verdict of the jury in this case, he had been, in the criminal case, apparently willing to swear to anything to convict defendant, whether he was guilty or not. We deem it immaterial that plaintiff denied authorship of the publication referring to the 2,000 germs. Defendant's words against plaintiff were not directed against the act of publishing this article. but referred solely to the acts of plaintiff at the criminal trial. They were proper to repel the adverse publicity of the criminal prosecution, and did not in themselves constitute a counter-attack, but merely reply, and, as found by the jury, they were true. It could hardly be expected in the situation existing that defendant, having been attacked and imposed upon, would be wholly without anger, spite, ill will, desire for vengeance against, and to injure. plaintiff, and so long as he restrained himself sufficiently in his publication not to exceed a protection of himself, we cannot say that the mere presence of these other elements was sufficient to deprive him of that right to protect himself. The question of truth was the only matter for the jury's consideration, and the finding of the jury that the publication was true is supported by competent evidence.

Therefore, the defendant has established both truth and a justifiable motive, and under the statutes quoted above and the former opinion it is clear that such is a complete defense. It is not necessary to decide, and we do not decide, whether truth alone is or is not a complete defense. Although we find that the trial court committed certain errors in theory, in considering "justifiable motive" as a species of "privileged communication," the judgment for defendant was proper and will not be reversed because reached by an incorrect theory.

The judgment is affirmed.

OSBORN, C. J., and RILEY, PHELPS,

CORN, GIBSON, and DAVISON, JJ., concur. BAYLESS, V. C. J., and WELCH, J., absent.