F. M. HILDEBRAND, Floris D. Hildebrand,
Lot Ravenscraft and Mary Ravenscraft,
Plaintiffs in Error,

v.

A. O. HARRISON, Defendant in Error.

No. 37506.

Supreme Court of Oklahoma.

May 20, 1958.

T. F. Dukes, Hominy, for plaintiffs in error.

McCoy & Craig, Pawhuska, A. O. Harrison, Bartlesville, pro se, for defendant in error.

BLACKBIRD, Justice.

Plaintiffs in error, hereinafter referred to as appellants, lodged this appeal seeking a review of an adverse ruling on their attempt to obtain a new trial on the ground of "impossibility of making a case-made" in a quiet-title action, wherein judgment had been entered on December 16, 1955, against them, as defendants, and in favor of the defendant in error, as plaintiff, hereinafter referred to as appellee. One month after entry of the judgment, or on January 16, 1956, the court entered an order overruling appellants' regular motion for a new trial. Later, on March 23, 1956, appellants filed a pleading entitled: "Amendment To Motion

For A New Trial." Therein they alleged certain facts pertaining to a situation brought about by the incapacity of the court reporter, who had "worked" the trial, to transcribe his notes and to make a complete record of the proceedings thereat, and contemplated to show the impossibility of making a case-made for an appeal from the judgment in said action. On March 29, 1956, appellee filed a motion to strike this pleading, and, thereafter, on April 2, 1956 (a motion day of said court) at a hearing thereon, the above-described "Amendment To Motion For A New Trial" was overruled, and appellants gave notice of appeal from the court's ruling. Two days later, or on April 4, 1956, appellants filed in said cause a pleading entitled: "Petition For A New Trial", and caused a summons to be issued and served upon the appellee in an obvious effort to comply with the procedure prescribed by Tit. 12 O.S.1951 § 655, for obtaining a new trial on grounds that "could not with reasonable diligence have been discovered before * * *", or the impossibility of making a case-made, that "arose after", the end of the term in which the judgment was entered. To this petition, the appellee filed a pleading called "Special Appearance, Motions To Quash and To Strike", which was later amended. Thereafter, at a hearing on June 11, 1956, the court upheld this pleading, and entered judgment striking appellants' petition for new trial. From said judgment, they thereafter perfected the present appeal.

Under the first and second propositions set forth in their briefs, appellants argue that the trial court erred in refusing to give them what they term a trial (or hearing) *on the merits* of their "Petition For A New Trial." It seems to be their view that what they characterize as the "summary" way, in which the trial court disposed of the matter, did not accord with the requirements of sec. 655, supra, for proceedings on a "Petition For A New Trial." They call our attention particularly to the provisions of said section that: "The case shall be placed on the trial docket, and the witnesses shall be examined in open court * * * as in other cases; * * *". They point out that such was not done in this case. On the other hand, appellee argues that such procedure was not necessary, nor appropriate, in this case, for the principal reason, that the issue sought to be raised by said "Petition", viz., appellants' entitlement to a new trial on the ground of impossibility of making a case-made, had been previously determined by the same court in its order overruling appellants' so-called "Amendment To Motion For A New Trial"; and, said order being final (since unappealed from) was res judicata of the matter. Appellants counter with the argument that said issue could not have been settled by said order because an "Amendment To Motion For A New Trial" is not authorized by our statutes, and the court was therefore without jurisdiction to determine the merits of such a matter at a hearing on such motion. To support their contention that at the hearing on this pleading, the "merits" of their allegations concerning the impossibility of obtaining a case-made, were not considered or determined, appellants say that appellee's motion to strike challenged said pleading only on jurisdictional grounds.

To settle the argument, and pass upon the representations of counsel, it will be necessary to carefully examine the hereinbefore mentioned pleadings and the record of what occurred with reference thereto and the court orders made thereon. From such examination, it appears that the only grounds recited in appellee's motion of March 29, 1956, to strike appellants' amendment to their motion for new trial, was that such motion:

"* * * is not authorized by the statute and is insufficient to entitle the movants to the relief prayed.

"That said motion was not filed in time, and is not the proper method of procedure under the record in this case.

"That said motion does not state facts sufficient to entitle the movants to the relief prayed for."

There is some difference or discrepancy between the journal entry of the court order entered on the "regular motion day" of April 2, 1956, with reference to appellee's above-quoted "Amendment To Motion For A New Trial", and the transcript of what then occurred on that date. In the transcript of what was said and done at said hearing, there is no indication that any argument was offered in support of the motion to strike, and no unequivocal showing, in the transcript itself, that the District Judge then ruled upon it. At the beginning of the hearing, Mr. Dukes, counsel for appellants, in support of said Amendment's allegations, made an oral offer to prove, by certain named witnesses, including the court reporter himself, that a record of the trial proceedings could not be obtained. Afterward, Mr. McCoy, attorney for appellee, stated:

"* * * The plaintiff now objects to the offer of testimony on each of the grounds stated in * * * (his) motion to strike and for the further reason that none of the witnesses named are present to so testify at this time except Lot Ravenscraft, and the matters therein stated by counsel that he offered to prove could not be within the knowledge of the defendant, Lot Ravenscraft. Further, that the motion itself taken in connection with the designation of the record by the defendants in this case, clearly shows that the record can be made, and also, that the record is in such shape by reason of the omission of the defendants that a review of the testimony itself would not be possible on an appeal, and that this motion to amend the motion for a new trial is not made in good faith but for purposes of delay only, because a review of the evidence could not be had under the record in this case, and that said offer is not in compliance with the statute, and said motion is not in compliance with the statute and is insufficient to confer jurisdiction upon this court to take testimony and hear evidence, or

consider a motion for an amendment to the motion for a new trial at this time.

\* \* \* \* \* \*

"The Court: Well, Gentlemen, I'm going to rule on the objection to the tender of the testimony as detailed by Mr. Dukes. The objection as interposed by counsel for the plaintiff will be sustained * * *.

\* \* \* \* \* \*

"Mr. Dukes: May I ask the court to state upon what grounds that the motion has been sustained?

\* \* \* \* \* \*

"The Court: I will say this, that the motion was sustained principally upon the grounds set forth upon his motion to strike. * * *"

The last above-quoted remark of the court would indicate that if the word "motion", appearing therein, referred to appellee's motion to strike, rather than to his objection to his adversaries' offer of proof, then a ruling on the striking of appellants' Amendment To Motion For A New Trial must have occurred. According to the recitals in the court order's journal entry, thereafter filed, however, the Judge merely overruled appellants' Amendment To Motion For A New Trial (instead of sustaining appellee's motion to strike), and having so ruled, considered appellee's motion moot. The grounds for the overruling of said Amendment are stated, by handwritten interlineation, in the order's journal entry, as follows: "* * * for the reasons as set forth in P's motion to strike & P's objection to offered testimony * * *".

From the foregoing it will be seen, that the Judge did not rule upon the question of the impossibility of making a case-made, but considered only appellants' Amendment To Motion For A New Trial, and overruled it, on the grounds of its insufficiency referred to in appellee's motion to strike it. In other words, the court's ruling on said pleading—"Amendment" indicated his opinion as being that it was demurrable, or had defects, the nature of which placed it in that general category, or an analogous one.

And, in view of the fact that the merits of the issue of the impossibility of making a case-made was not considered when appellants' so-called "Amendment To Motion For A New Trial" was overruled, we think that, as far as the question of res judicata is concerned, the situation thus presented comes squarely within the exception to the rule stated in Stuckwish v. St. Louis-San Francisco R. Co., 177 Okl. 361, 59 P.2d 285, 288, as follows:

"Where judgment is rendered on sustaining a demurrer based upon grounds submitting jurisdictional questions as well as testing the merits, it is the general rule that the judgment is conclusive on the merits, *unless it affirmatively appears the determination was not upon the merits.*" (Emphasis ours.)

(As to a related question, it is noted that in at least one case, Hutchings v. Zumbrunn, 86 Okl. 226, 208 P. 224, 226, where the demurrer challenged the merits, as well as the pleading, of plaintiff's cause of action, and the judgment did not disclose upon what grounds the demurrer was sustained, this court specifically recognized the "rule of presumption." For other cases on that subject, see the Annotation, 106 A.L.R. 437, 443, 444.) As it is conclusive that the trial court's ruling on that pleading was not a decision on the merits of the allegations therein concerning the impossibility of making a case-made, we cannot uphold appellee's plea of res judicata on the theory that such impossibility was an "issue" that "might" have been presented, and/or determined, at the hearing at which said "Amendment" was overruled. His plea of res judicata set forth in the "Special Appearance, Motions To Quash and To Strike", he later filed, as aforesaid, is the only ground upon which he specifically claims appellants' "Petition For A New Trial" was stricken, and the judge's inquiry (ascertaining that appellants had abandoned their previous intention to appeal from his order on the Amendment—and that said ruling had therefore become final) at the time of entering the judgment of June 11th, herein appealed from, indicates that was the *only* ground upon which said judgment was based. As we have found that ground to be an untenable one, said judgment is hereby reversed. In so holding, we do not pass upon any other aspect of the adequacy, or sufficiency, of appellants' "Petition For A New Trial", or their offer of proof in connection therewith to obtain for them the relief therein prayed for. Our conclusion that the order of April 2, 1956, overruling appellants' "Amendment To Motion For A New Trial" was not res judicata of the right to a new trial, they later asserted in said petition, renders immaterial the fact, emphasized in appellee's argument, that said ruling became final on account of their failure to perfect an appeal therefrom.

In accord with the foregoing, the trial court is directed to vacate the order and/or judgment appealed from, and proceed in such a way as to determine the issues, now or later joined in the pending proceedings for a new trial, other than the one herein determined.