695 So.2d 401 (1997)
Sam T. RANDOLPH and Vector Underwriting, Inc., Appellants,
v.
Rex W. BEER and Central Florida Educators Federal Credit Union, Appellees.
No. 96-1054.
District Court of Appeal of Florida, Fifth District.
May 9, 1997.
Rehearing Denied June 11, 1997.
*402 John M. Robertson and J. Stephen McDonald of Robertson, Williams & McDonald, P.A., Orlando, for Appellants.
Ronald L. Harrop and Steven H. Preston of Gurney & Handley, P.A., and Dennis R. O'Connor of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Orlando, for Appellees.
GOSHORN, Judge.
Sam Randolph and Vector Underwriting, Inc. appeal the judgment in favor of Rex Beer and Central Florida Educators Federal Credit Union [CFEFCU] entered by the trial court notwithstanding the verdict. Randolph and Vector Underwriting, Inc. argue that the trial court erred in concluding that a defamatory statement made by Beer was entitled to a qualified privilege, contrary to the jury's verdict, and contend that even assuming a qualified privilege existed, there was sufficient evidence of malice for the jury to have concluded that the privilege was dissolved. While we agree with the trial court that the statement was qualifiedly privileged, we reverse for a new trial on the issue of the abuse of that privilege.
The defamation action arises out of a memorandum distributed by Beer, the chairman of the board of CFEFCU, to CFEFCU's board of directors. The memorandum, labeled "Confidential," concerned the performance evaluation of CFEFCU's president, Joe Hudek. A subheading entitled "Rumors" contained a number of references to rumors of wrongdoing by Hudek. One of the rumors linked Hudek to Randolph, owner of Vector Underwriting, Inc., in an insurance kickback scheme:
The Credit Union has changed insurance companies so as to do business with Mr. Sam Randolph (This is Credit Life Insurance, etc.)[.] Once again rumor of kickback through a member of the family. Word is out that McCoy Credit Union has cancelled all insurance carried with Mr. Randolph.
Randolph, along with many others in the credit union industry, eventually heard about the kickback allegation at a credit union convention. His business plummeted. Randolph filed the instant defamation suit against Beer and CFEFCU.
The trial was a true contest of credibility. Beer testified that Wayne Dunlap, a CFEFCU employee, had informed him of the rumors *403 both orally and in writing. Dunlap denied doing so. Beer testified that he and Hudek had no conflicts on a personal level, other than a few minor discussions about the "seizing of the board." However, several CFEFCU employees told of great animosity between the two men. The genesis of the problem was Beer's disagreement with how Hudek was running CFEFCU. In any event, Beer testified that he believed he had a fiduciary duty to inform the board of directors of the rumors regarding Hudek and did so in the form of the memorandum. A law firm was eventually hired to investigate and found no evidence of kickbacks.
The case went to the jury on the issues of qualified privilege and express malice. The jury found that the statements were not subject to a qualified privilege, obviating its need to determine the issue of express malice. It awarded $1,000,000 for past loss of earnings, nothing for future loss of earnings, and $500,000 for injury to reputation. Beer and CFEFCU moved for judgment notwithstanding the verdict and a new trial. The trial court granted the motion for judgment notwithstanding the verdict on the ground that it had erred in failing to instruct the jury that Beer and CFEFCU were entitled to the protection of qualified immunity as a matter of law. Because it found no evidence of express malice, the trial court held that a new trial was not necessary and that Beer and CFEFCU were entitled to judgment in their favor. Randolph and Vector Underwriting, Inc. contend that the question of qualified privilege was properly placed before the jury because the facts and circumstances surrounding the privilege were in dispute. Further, they argue, even if the trial court were correct on the issue of qualified privilege, they are entitled to a new trial because there was sufficient evidence of malice to have that issue put to the jury. We agree with the trial court that the communication was qualifiedly privileged, but hold that there was sufficient evidence of malice for the issue of abuse of the privilege to have gone to the jury.
The supreme court explained qualified privilege in Nodar v. Galbreath, 462 So.2d 803, 809 (Fla.1984):
"One who publishes defamatory matter concerning another is not liable for the publication if (a) the matter is published upon an occasion that makes it conditionally privileged and (b) the privilege is not abused." Restatement (Second) of Torts § 593 (1976). The law of Florida embraces a broad range of the privileged occasions that have come to be recognized under the common law. See Rahdert & Snyder, Rediscovering Florida's Common Law Defenses to Libel and Slander, 11 Stetson L.Rev. 1 (1981). "A communication made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which would otherwise be actionable, and though the duty is not a legal one but only a moral or social obligation." 19 Fla.Jur.2d. Defamation and Privacy § 58 (1980). See Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906).
(Footnote omitted).
The first inquiry, whether the defamatory statement[1] was made on an occasion which made its publication qualifiedly privileged, was correctly resolved by the trial court on the motion for judgment notwithstanding the verdict. Beer made the defamatory statement in his capacity as chairperson of the board of CFEFCU. The audience, the board of directors, had a legitimate business interest in the substance of the communication because, if true, the rumor affected CFEFCU. Accordingly, the defamatory statement was made on a qualifiedly privileged occasion. See Nodar, 462 So.2d at 809 ("Under the common law of Florida, a communication to an employer regarding his employee's performance is conditionally *404 privileged, and the mode, manner, or purpose of the communication would go to the question of abuse or forfeiture of the privilege."). This does not end the inquiry, however.
Once a defendant has demonstrated that the defamatory statement is protected by a qualified privilege, the burden shifts to the plaintiff to establish that the privilege was lost through malice or improper purpose. Nodar, 462 So.2d at 810 ("The determination that a defendant's statements are qualifiedly privileged eliminates the presumption of malice attaching to defamatory statements by law. The privilege instead raises a presumption of good faith and places upon the plaintiff the burden of proving express malice...."). Here, Randolph and Vector Underwriting, Inc. rely on the conflict between Beer's testimony and that of Dunlap as evidence from which a jury could conclude that Beer acted with malice in publishing the communication.
Beer testified that his source of the kickback rumor was Dunlap; Dunlap denied having made the statement to Beer. Also contrary to Beer's testimony, there was evidence of great animosity between Beer and Hudek. If the jury believed that Dunlap was not the source of the rumor, and in the absence of evidence the rumor pre-existed Beer's statement, the jury could conclude that Beer concocted the story to satisfy his animosity against Hudek. If Beer made up the rumor to harm Hudek,[2] then Beer was not acting out of any fiduciary responsibility to the board of directors and the privilege is dissolved. On the other hand, it is possible that Beer did in fact learn of the rumor from the grapevine and repeated it out of his fiduciary duty to CFEFCU, only incidentally finding some personal satisfaction in harming Hudek. If this is found to be the case, the qualified privilege would remain intact. See Restatement (Second) of Torts § 602 (1977). In Nodar, the supreme court addressed the situation where the defamer acts with mixed intent:
Where a person speaks upon a privileged occasion, but the speaker is motivated more by a desire to harm the person defamed than by a purpose to protect the personal or social interest giving rise to the privilege, then it can be said that there was express malice and the privilege is destroyed. Strong, angry, or intemperate words do not alone show express malice; rather, there must be a showing that the speaker used his privileged position "to gratify his malevolence." Myers v. Hodges, 53 Fla. 197, 213, 44 So. 357, 362 (1907). See also Sussman v. Damian, 355 So.2d 809 (Fla. 3d DCA 1977). If the occasion of the communication is privileged because of a proper interest to be protected, and the defamer is motivated by a desire to protect that interest, he does not forfeit the privilege merely because he also in fact feels hostility or ill will toward the plaintiff. Coleman v. Newark Morning Ledger Co., 29 N.J. 357, 149 A.2d 193 (1959); Restatement (Second) of Torts §§ 599, 603 (comment a) (1976). The incidental gratification of personal feelings of indignation is not sufficient to defeat the privilege where the primary motivation is within the scope of the privilege. See Boston Mutual Life Insurance Co. v. Varone, 303 F.2d 155 (1st Cir.1962); Fahr v. Hayes, 50 N.J.L. 275, 13 A. 261 (1888); Craig v. Wright, 182 Okla. 68, 76 P.2d 248 (1938).
Nodar, 462 So.2d at 811, 812.
The existence vel non of malice was a question for the jury under the facts of this case. Accordingly, the court's determination that there was insufficient evidence to show malice is reversed and the cause remanded for new trial.
AFFIRMED in part; REVERSED in part; REMANDED.
PETERSON, C.J., and HARRIS, J., concur.
NOTES
[1] The statement made by Beer to the board was defamatory. See Glynn v. City of Kissimmee, 383 So.2d 774 (Fla. 5th DCA 1980) (publications which impute to another characteristics or conditions incompatible with the proper exercise of one's business, trade, profession or office are slanderous per se) (citing Drennen v. Westinghouse Electric Corp., 328 So.2d 52 (Fla. 1st DCA 1976)); Axelrod v. Califano, 357 So.2d 1048 (Fla. 1st DCA 1978).
[2] While there was no showing Beer bore any malice towards Randolph, the existence of malice towards Hudek would dissolve the qualified privilege. Once dissolved, a qualified privilege ceases to protect the defamatory statement. The defamer's lack of intent to hurt the defamed person does not protect him from answering thereto.