W. SHARP, Judge,
concurring specially.
I agree with the result in this ease but on slightly different grounds. As discussed more fully in my dissenting opinion in Malone v. City of Satellite Beach, 717 So.2d 1067, 23 Fla. L. Weekly D1921 (Fla. 5th DCA August 14,1998), it is almost never appropriate to grant a motion for judgment on the pleadings based on the complaint alone or the complaint and an answer, where the cause of action is one for defamation, and the *290 defendant’s asserted defense is privilege. Generally, the existence vel non of an absolute privilege or a qualified privilege to publish a defamatory statement is a defense, which the defendant must plead and carry the burden of proving at trial.[1] When pled as a defense, it is then the task of the plaintiff to respond that the privilege was abused, or for some reason should not be applicable to the situation in that ease.[2]
In most cases, the existence of a privilege or its abuse are issues of fact which cannot be resolved at the pleadings stage. In this case, an absolute privilege may apply. But there are unresolved issues of fact which make it problematic: was the defamatory statement made during the course of a judicial proceeding? And was it relevant to the subject of inquiry? Further, if a qualified privilege is being asserted, unresolved fact issues are still present in this case: was the statement made in good faith? Did it exceed the bounds of the scope of the qualified privilege asserted?
These are all questions which cannot be resolved as a matter of law on the basis of pleadings.

. Schreidell v. Shoter, 500 So.2d 228 (Fla. 3d DCA 1986); Miami Herald Pub. Co. v. Ane, 423 So .2d 376 (Fla. 3d DCA 1982), approved, 458 So.2d 239 (Fla.1984); Riggs v. Cain, 406 So.2d 1202 (Fla. 4th DCA 1981); Glynn v. City of Kissimmee, 383 So.2d 774 (Fla. 5th DCA 1980).

. See Randolph v. Beer, 695 So.2d 401 (Fla. 5th DCA 1997); Axelrod v. Califano, 357 So.2d 1048 (Fla. 1st DCA 1978).